**Willie James COLLINS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–84–317CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 24, 1985.

Bobbi Blackwell, Houston, for appellant.

Lori B. Millberg, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

Appellant was convicted by a jury of burglary of a habitation. Finding an enhancement paragraph true, the jury assessed punishment at 50 years in the Texas Department of Corrections. Appellant raises six grounds of error. Finding no reversible error, we affirm.

At about 5:00 a.m. on an October morning the 74-year-old complainant was awakened by her dog barking outside. She heard noises that sounded like someone was trying to break into her house, first from the front porch, and then from the back. She tried to call police, but her phone was dead. She rushed out the front door, ran across the street and summoned her neighbors, the Jayroes, for help. Mrs. Jayroe reached by telephone a Harris County Sheriff's Department dispatcher. Mrs. Jayroe stayed on the phone advising the dispatcher of events as they happened until a patrol car came. Mr. Jayroe went outside and stood in his driveway looking toward the complainant's house. He saw a man walk down the complainant's driveway and enter a brown and white car. The car began to move slowly toward Mr. Jayroe's house. Within a few minutes Deputies Ward and Collins arrived in a patrol car, ordered the appellant out of the brown and white car and arrested him.

Deputy Ward conducted an inventory of the car's contents and found a cigar box containing mementos and jewelry, a transistor radio, batteries and alarm clock on the back floorboard behind the driver's seat of appellant's car. He took the items to the complainant who identified them as hers. There were signs of attempted break-in on the front door and window of the complainant's house and successful entry through a rear window. The drawer that had held the cigar box was left open and items from a bedroom closet were scattered and broken.

From the above summation of the testimony, it is easy to dispense with appel-

lant's third and fourth grounds of error. In ground three he contends that the trial court erred in overruling his motion for an instructed verdict because the evidence was insufficient to sustain a conviction. In ground four he complains that the court should have given a "mere presence" instruction as requested. Mere presence at the scene of a crime alone is not sufficient to support a conviction on appeal. *Thomas v. State,* 645 S.W.2d 798, 800 (Tex.Crim. App.1983); *Drager v. State,* 555 S.W.2d 743, 745 (Tex.Crim.App.1977). "Mere presence," however, is not a recognized defense, and we hold it need not be included in jury instructions. The part of the charge instructing the jury on the state's burden to prove guilt beyond a reasonable doubt adequately protected appellant. *Cf. Pelham v. State,* 664 S.W.2d 382, 385 (Tex. App.—Amarillo 1983, pet. ref'd) (appellant not entitled to charge that impossibility is a defense); *Burke v. State,* 642 S.W.2d 197, 200 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd) (misidentification is not a defensive issue that must be included in charge). Even if mere presence were a defensive issue, the evidence against the appellant did much more than place him in the vicinity of the crime. Mr. Jayroe watched the appellant as he left the complainant's property until he was arrested with the stolen goods in his car. Unexplained personal possession of recently stolen property is alone sufficient to support a conviction for the burglary in which the property was stolen. *Thompson v. State,* 615 S.W.2d 760, 761 (Tex.Crim.App.1981); *Pulido v. State,* 503 S.W.2d 578 (Tex.Crim.App.1974). Grounds of error three and four are overruled.

■ In his first ground of error appellant contends that the court erred in overruling his objection to the in-court identification of appellant because an improperly suggestive pre-trial identification procedure tainted the in-court identification and denied him due process. It is unclear from his brief whether appellant is complaining of the identification by Mrs. Jayroe alone, or by both Mr. and Mrs. Jayroe. If his ground covers both witnesses it is multifarious and need not be considered. *Wilson v.*

*State,* 581 S.W.2d 661, 666 (Tex.Crim.App. 1979). In the interest of justice, we will consider the ground as it concerns Mrs. Jayroe's testimony.

The ground of error as to Mrs. Jayroe can be overruled for two reasons. First, Mrs. Jayroe did not participate in any pretrial identification procedure, let alone improper procedure. She merely was walking across the street with the complainant and a deputy when she saw a black male in the custody of the other deputy. She did not stop. She was not asked if she recognized the man. Second, Mrs. Jayroe did not make a positive in-court identification. She testified only that the defendant resembled the man she saw that night. Appellant's first ground of error is overruled.

■ In his second ground of error appellant complains that the trial court erred in denying him a hearing on the admissibility of Mrs. Jayroe's identification testimony. The appellant first raised his motion to suppress the testimony in a pre-trial motion that was denied as untimely filed. At trial defense counsel again raised his objection and asked for a hearing outside the jury's presence. The hearing was not granted. We agree that the court should have granted the hearing under *Martinez v. State,* 437 S.W.2d 842, 848 (Tex.Crim.App.1969). Even if the pre-trial hearing was properly denied, appellant still had a right to a hearing at trial as requested. However, the error was harmless because Mrs. Jayroe made no positive identification.

In his fifth ground of error appellant complains that the cigar box and its contents should not have been allowed into evidence because the deputy returned the stolen items to the complainant the night of the crime instead of following the mandatory procedure outlined in Tex.Code Crim. Proc.Ann. art. 47.01 (Vernon 1979).

■ The state argues that violation of the article does not require suppression of the evidence returned. This appears to be a case of first impression on this issue. The cases cited under annotations to article 47.01 are civil suits in which the statute is

used as a defense to claims that a person was unlawfully keeping stolen items from the rightful owner. We hold that failure to follow article 47.01 does not require that the evidence be suppressed at trial. The testimony of the complainant established that the items had remained in her custody and were the same items that had been stolen. Chain of custody is not an issue where the items introduced are easily and readily identifiable. *Hammett v. State,* 578 S.W.2d 699 (Tex.Crim.App.1979) (en banc). The fifth ground of error is overruled.

■■■ In his sixth ground of error appellant contends that the trial court should have granted his motion to strike prejudicial statements from the pen packet introduced at the punishment stage of the trial. The pen packet contained proof of a November 12, 1980, conviction for rape of a child and September 1, 1982, conviction for kidnapping. . Appellant first complains that the judgment in the kidnapping case mentions that he was previously convicted of a felony, but that an enhancement paragraph had been abandoned by the state. He also complains of a phrase on the Texas Department of Corrections commitment records that states "Returned as Mand Super Viol Ret'd fr Harris Co. New Conviction Rmdr as 314437 is conc." From other records in the pen packet it is apparent that the number 314437 was appellant's prisoner identification number when he was imprisoned on the earlier conviction for rape of a child. He had a new prisoner number when he returned to the Texas Department of Corrections in 1982.

Appellant's objection on appeal is that the two phrases are references to extraneous offenses not proven as final convictions. The state contends, and we agree, that the two references are probably to the rape of a child conviction that was proved. *See Hernandez v. State,* 626 S.W.2d 876, 878 (Tex.App.—San Antonio 1981, no pet.). But even if the references were to a third, unspecified felony conviction, the court was not obliged to strike the references from the pen packet. In *Redd v. State,* 452

S.W.2d 919, 923 (Tex.Crim.App.1970), the fact that indictments in some of the proven convictions contained enhancement paragraphs did not render them inadmissible. The references complained of here are of the same character as enhancement paragraphs in an indictment.

■■■ There is still another reason ground of error six should be overruled. Appellant's objections at trial were that the two references were hearsay. His objection on appeal is on another ground. No error was preserved. *Boyd v. State,* 643 S.W.2d 700, 706 (Tex.Crim.App.1983); *Carrillo v. State,* 591 S.W.2d 876 (Tex.Crim. App.1979).

Finding no reversible error the judgment is affirmed.