**Earnest Lee GRAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–89–889–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 23, 1990.

**158** ■ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Cheryl E. Irvin, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Earnest Lee Gray, appeals his judgment of conviction for the offense of aggravated robbery. TEX.PENAL CODE ANN. § 29.03 (Vernon 1989). The jury rejected appellant's not guilty plea and found him guilty as charged in the indictment. After finding the enhancement allegation of the indictment to be true, the jury assessed punishment at forty years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Phillip Malone, the complainant, was employed in August of 1988 at Little Caesar's Pizza Restaurant located on Long Point Road in Harris County, Texas. Malone testified he had worked for Little Caesar's Pizza for approximately two years.

On the evening of August 21, 1988, Malone was cleaning the counter and getting ready to close the restaurant. There were no customers. Another employee, Earl Gray, was washing dishes and cleaning up in the back. Appellant entered the restaurant, handed Malone a note, told him not to panic and to give him all the money. The note read as follows: "Give me all the money or I will shot [sic] in the bag." Malone read the note and proceeded to do as appellant requested. Appellant motioned to the sawed-off short-barrel rifle he had in his belt. Malone understood appellant would shoot and that he wanted the money in the bag.

Malone had picked up a bag and was starting to empty the cash register when appellant indicated that Malone was first to empty the bottom of the safe. Malone picked up a key, unlocked the safe, retrieved the money from the safe, placed it in a bag, and gave the bag to appellant. Malone then returned to the cash register and emptied it. Appellant instructed Malone to lay on the floor and not to get up. After Malone heard the "drawer" open and close, he got up and locked the door behind appellant. Officer James E. Walker of the Houston Police Department responded to the robbery at the Little Caesar's Restaurant. Walker recovered the note and obtained a description of appellant and the firearm.

Appellant assigns three points of error on appeal. In his first point of error, appellant asserts the trial court erred when it denied his request for a *Jackson v. Denno* identification hearing outside the presence of the jury.

During direct examination of Malone by the prosecutor, counsel for appellant interposed:

> Your Honor, before we go any further, I would make an objection to any identification made in the jury's presence and ask for a Jackson versus Denno hearing, out of the jury's presence.

■ The trial court overruled appellant's request for a *Jackson v. Denno* hearing. In *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the Supreme Court held that when the issue is raised on the admissibility of a defendant's confession, a hearing outside the presence of the jury must be conducted. The State did not possess any confession made by appellant. Nor did the State proffer any confession by appellant during trial. The trial court did not abuse its discretion in overruling appellant's request for a *Jackson v. Denno* hearing since the issue of the admissibility of a confession was not even raised.

■ Assuming appellant's statement constituted a request for a hearing outside the presence of the jury to determine the admissibility of the complainant's in-court identification of appellant, the trial court did not abuse its discretion in failing to grant such a general request. In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. Tex.R.App.P. 52(a). Appellant's general request for a hearing outside the presence of the jury, without further specifying the necessity for such a hearing, has preserved nothing for review.

■ Even assuming appellant's general request did preserve error, the trial court did not abuse its discretion in overruling the request. In support of his contention, appellant relies upon *Collins v. State*, 686 S.W.2d 272 (Tex.App.—Houston [14th Dist.] 1985, no pet.). In *Collins*, the defendant alleged that the trial court erred in denying him a hearing outside the presence of the jury on the admissibility of a witness' identification testimony. This court held:

> We agree that the court should have granted the hearing under *Martinez v. State*, 437 S.W.2d 842, 848 (Tex.Crim. App.1969). Even if the pre-trial hearing was properly denied, appellant still had a right to a hearing at trial as requested.

*Collins v. State*, 686 S.W.2d at 274.

The Court of Appeals in *Collins* relied exclusively upon *Martinez v. State*. *Martinez*, however, does not support the holding that a trial court is mandated to conduct a hearing outside the jury's presence when requested. In *Martinez*, the Court of Criminal Appeals set forth merely a recommendation, not a mandate:

> It is *recommended* that in future trials before a jury, once the in-court identification of the accused is sought to be introduced and the court is apprised that the identification is questioned on the bases of a prior police station or lineup identification, then upon motion of the defense counsel a hearing *should* be held outside the presence of the jury. The issue of admissibility *should* be determined before such evidence is placed before the jury. Should the court, at such hearing, determine that such identification at the police station or elsewhere was violative of the Wade and Gilbert mandates or of due process, then the prosecution is precluded from offering any evidence of such identification before the jury.

*Martinez v. State*, 437 S.W.2d at 848. Thus, *Martinez* does not mandate that the trial court conduct a hearing outside the jury's presence to determine the admissibility of a witness' identification.

Further, in *Watkins v. Sowders*, 449 U.S. 341, 101 S.Ct. 654, 659, 66 L.Ed.2d 549 (1981), the Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not mandate a trial court conduct a hearing outside the presence of the jury to determine the admissibility of identification evidence:

> A judicial determination outside the presence of the jury of the admissibility of identification evidence may often be advisable. In some circumstances, not

presented here, such a determination may be constitutionally necessary. But it does not follow that the Constitution requires a per se rule compelling such a procedure in every case.

Assuming the trial court erred in failing to grant appellant's request for a hearing outside the presence of the jury to determine the admissibility of the complainant's in-court identification, the error was harmless. Malone made a positive in-court identification of appellant. Appellant made no bill of exception or proffer of proof that Malone's in-court identification of appellant was tainted by a prior identification. There is no evidence in the record as to the circumstances surrounding prior identification, if any, of appellant by Malone. During cross-examination of Malone, appellant made no attempt to demonstrate that Malone's in-court identification of appellant was tainted by any prior identification. There is no evidence in the record that Malone's in-court identification of appellant was tainted by a prior identification. *See Jones v. State*, 685 S.W.2d 86, 88 (Tex.App.—Beaumont 1984, no pet.) (record contained no evidence whatsoever of a line-up; defendant made no attempt to show by cross-examination that the witnesses' identifications were tainted by any prior identification; defendant made no bill of exception or offer of proof); *See also Gates v. State*, 643 S.W.2d 183, 185 (Tex.App.—Tyler 1982, no pet.) (no reversible error found where record furnished clear and convincing evidence that the in-court identifications were of independent origin and were not tainted by the line-up identification). Appellant's first point of error is overruled.

In his second point of error, appellant submits the trial court committed error in denying him his right to re-open his case pursuant to TEX.CODE CRIM.PROC.ANN. art. 36.02 (Vernon 1981). After the trial court had read the charge to the jury and the prosecutor had waived her right to open and reserved her right to close, appellant requested to re-open and recall complainant, Malone, to testify that he identified appellant at a line-up. The trial court overruled appellant's request. Appellant contends the trial court committed error in

denying his right to re-open pursuant to TEX.CODE CRIM.PROC.ANN. art. 36.02 (Vernon 1981), which states:

The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice.

Re-opening of the case for the introduction of additional evidence is within the trial court's discretion and its action is not reversible error unless it is demonstrated that the discretion has been abused. Before an abuse of discretion can be shown, the defendant must show that the proposed testimony would have materially changed the case in his favor. *Whiting v. State*, 755 S.W.2d 936, 941 (Tex.App.—San Antonio 1988, no pet.).

The record does not affirmatively reflect that Malone was present and available to testify. Appellant made no bill of exception or proffer of proof. There is no evidence in the record as to what Malone's testimony would have been had he been permitted to testify. Specifically, there is no evidence that Malone's testimony would have materially changed the case in appellant's favor. Appellant had the opportunity, during his cross-examination of Malone, to develop the evidence as to Malone's identification of appellant but failed to do so. We find that the trial court did not abuse its discretion in overruling appellant's request to re-open his case. Appellant's second point of error is overruled.

In his third point of error, appellant contends that the State failed to prove beyond a reasonable doubt that the complainant was the owner of the property taken. The standard for reviewing the sufficiency of the evidence is whether, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159. The verdict will be

sustained if there is any evidence which, if believed, shows the guilt of the defendant. *Banks v. State,* 510 S.W.2d 592, 595 (Tex. Crim.App.1974).

The indictment reads, in pertinent part, as follows:

[I]n Harris County, Texas, Earnest Lee Gray, hereafter styled the Defendant, heretofore on or about August 21, 1988, did then and there unlawfully while in the course of committing theft of property *owned by Phillip Malone,* hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a firearm.

The word "owner" means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor. TEX.PENAL CODE ANN. § 1.07(a)(24) (Vernon 1974). Possession means actual care, custody, control, or management. TEX.PENAL CODE ANN. § 1.07(a)(28) (Vernon 1974). Thus, there are three separate means by which to establish ownership: 1) title to the property; 2) possession of the property; or 3) a greater right to possession of the property than the appellant. *Freeman v. State,* 707 S.W.2d 597, 603 (Tex.Crim.App.1986). Thus, any person who has a greater right to the actual care, custody, control, or management of the property than the defendant can be classified as the "owner." *Alexander v. State,* 753 S.W.2d 390, 392 (Tex.Crim.App.1988). Proof of ownership may be made by circumstantial evidence, just as any other issue in a criminal case. *Jordan v. State,* 707 S.W.2d 641, 644–645 (Tex.Crim.App.1986).

We find that there is sufficient evidence that appellant was in the course of committing theft of property owned by Malone, the complainant. Malone testified that he had worked for Little Caesar's Pizza for two years and had been responsible for making pizza, preparing the product, making sandwiches, etc. The record further reflects that Malone had the responsibility to clean up and close the restaurant. Appellant stole cash money retrieved by Malone from the cash register drawer and from the safe. Malone, as an employee of Little Caesar's Pizza, had access to the cash register as well as to the key to the safe. Malone knew how to open the safe. As an employee of Little Caesar's Pizza, Malone had a greater right to possession of the cash money than appellant. Reviewing the evidence in the light most favorable to the prosecution, it is clear that any rational trier of fact could have found beyond a reasonable doubt that appellant was in the course of committing theft of property owned by Malone. Appellant's third point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

PAUL PRESSLER, J., not participating.