11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Mishek Lamon Robinson

Appellant

Vs.                   No.
11-01-00325-CR  --  Appeal from Dallas County

State of Texas

Appellee

 

The jury convicted Mishek Lamon Robinson of the
offense of robbery and assessed his punishment at confinement for 20 years and
a fine of $7,500.  We affirm.  

Appellant asserts 11 points of error on
appeal.  In his third and fourth points,
appellant contends that the evidence is legally and factually insufficient to
support his conviction.  In order to
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).  In order to
determine if the evidence is factually sufficient, we must review all of the
evidence in a neutral light and determine whether the evidence in support of a
vital fact is so weak as to be clearly wrong and manifestly unjust or whether
the finding of a vital fact is so contrary to the great weight and preponderance
of the evidence as to be clearly wrong and manifestly unjust.  Goodman v. State, 66 S.W.3d 283
(Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v.
State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).  








Appellant was convicted of causing bodily injury
to Renee Fox, the complainant, by striking her with his hand while in the course
of attempting to steal her car.  The
record shows that appellant accosted Fox as she approached her car in a parking
lot.  Fox was walking alone in the
parking lot.  When Fox put the key in
her car door, appellant came up to her and said, AGive
me the keys, bitch.@  By that time, she had the car door
open.  Fox and appellant struggled for
the keys.  Appellant managed to take the
keys, get in the driver=s
seat of Fox=s car, and
put the key into the ignition.  Fox, who
was between the door and appellant, dove back into the car to try and get the
keys.  Appellant told Fox that he would
kill her, and he punched her in the head at least twice.  Fox screamed for help but continued to
struggle with appellant.  A security
guard, who had been watching appellant because of his suspicious behavior, came
to Fox=s aid.  The security guard, Don Sells, testified
that he saw appellant sitting in the driver=s
seat of Fox=s car and
trying to put the key into the ignition. 
Sells also saw appellant punch Fox, Aknocking
the crap out of her.@  Sells had to use physical force to subdue
appellant until police arrived to arrest him. 


Appellant testified that Fox owed him money and
that he was just trying to collect that debt. 
According to appellant, a scuffle ensued when Fox refused to pay the
amount she owed.  Appellant denied that
there was a fight over the keys, that he had the intent to take Fox=s car, and that he had ever
been in an altercation in which he hit a female with his fist.  

The jury, as the trier of fact, was the sole judge
of the credibility of the witnesses and of the weight to be given to their
testimony.  TEX. CODE CRIM. PRO. ANN.
arts. 38.04 & 36.13 (Vernon 1979 & 1981).  We hold that the evidence is both legally and factually
sufficient to support the jury=s
verdict.  Appellant=s third and fourth points
of error are overruled.  








In his first and second points, appellant
challenges the trial court=s
denial of a hearing on his Batson[1]
objection and the trial court=s
overruling of his Batson objection. 
The use of peremptory challenges to strike potential jurors on the basis
of race is prohibited.  Batson v.
Kentucky, 476 U.S. 79 (1986); TEX. CODE CRIM. PRO. ANN. art. 35.261 (Vernon 1989).    In Purkett v. Elem, 514 U.S. 765 (1995),
the Supreme Court delineated the three‑step process for properly
determining a Batson challenge. 
First, the opponent of a peremptory challenge must make out a prima
facie case of racial discrimination, essentially a burden of production.  In the second step, the burden of production
shifts to the proponent of the strike to respond with a race‑neutral
explanation.  Third, if a race‑neutral
explanation has been proffered, the trial court must decide whether the
opponent of the strike has proved purposeful racial discrimination.  The burden of persuasion is on the opponent
of the strike to convince the trial court that the strike was racially
motivated.  Purkett v. Elem, supra; Ford
v. State, 1 S.W.3d 691, 693 (Tex.Cr.App.1999); Camacho v. State, 864 S.W.2d
524, 529 (Tex.Cr.App.1993), cert. den’d, 510 U.S. 1215 (1994).  

In this case, the trial court ruled that appellant
failed to make a prima facie showing of racial discrimination.  We agree. 
A prima facie showing requires that the Arelevant
circumstances raise an inference@
that the prosecutor used a peremptory strike to exclude a member of the venire
panel on account of race.  Linscomb v.
State, 829 S.W.2d 164, 165 (Tex.Cr.App.1992); see Dewberry v. State, 776 S.W.2d
589 (Tex.Cr.App.1989).  Appellant merely
showed that the prosecutor in this case used one peremptory strike against a
black male and another against an AIndian-American
from India.@  The trial court gave appellant an
opportunity to further state his motion and prima facie case for the record,
but appellant had nothing to add.  We
hold that appellant failed to meet his prima facie burden.  Staley v. State, 887 S.W.2d 885, 890-91
(Tex.Cr.App.1994), cert. den=d,
514 U.S. 1020 (1995); Coggeshall v. State, 961 S.W.2d 639, 644-45 (Tex.App. -
Fort Worth 1998, pet=n
ref=d).  Appellant=s
first and second points of error are overruled.  

In his fifth point, appellant contends that the
trial court erred in allowing a State=s
witness to vouch for the credibility of Sells when Sells=s credibility had not been impeached.  The record shows that, after Sells
testified, the State called Officer Ricardo Campbell, the arresting
officer.  The State asked the officer
about Sells=s
credibility.  Appellant objected that
this was Anot proper
direct examination.  Improper
impeachment.@  The objection was overruled.  Because appellant=s complaint on appeal differs from the general
objection he made at trial, it was not preserved for review.  TEX.R.APP.P. 33.1(a)(1); Johnson v. State,
803 S.W.2d 272, 292 (Tex.Cr.App.1990), cert. den=d, 501 U.S. 1259
(1991).  The general objection at trial
was not specific enough to make the trial court aware of the complaint that
appellant urges on appeal.  Rule
33.1(a)(1).  Moreover, any error in
overruling appellant=s
objection was harmless under TEX.R.APP.P. 44.2(b).  The fifth point of error is overruled.  








In his sixth point, appellant argues that the
trial court erred in overruling his objection to certain extraneous offense
evidence.  Evidence of other crimes,
wrongs, or bad acts is not admissible to show character conformity but may be
admissible for other purposes. 
TEX.R.EVID. 404(b); Montgomery v. State, 810 S.W.2d 372
(Tex.Cr.App.1991).  However, extraneous
offense evidence may be admissible when relevant to establish an elemental
fact, to establish an evidentiary fact that leads to an elemental fact, or to
rebut a defensive theory.  Montgomery v.
State, supra at 387‑88.  We must
review the record to determine if the trial court abused its discretion in
admitting the extraneous offense evidence. 


The record in this case reflects that the evidence
of appellant=s
extraneous offenses was offered to correct a false impression left by appellant
during his direct examination and to rebut appellant=s defensive theory.  Appellant had testified on direct that he had been discharged
from parole but that he was on bond for another case that the police were Atrying to put on@ him.  Because appellant left the impression that
he had only one other case pending, the trial court allowed the State during
its cross-examination of appellant to show that he had three cases
pending.  We hold that the trial court
did not abuse its discretion in determining that appellant opened the door to
this evidence. 

The trial court also allowed the State, in rebuttal,
to prove-up one of the extraneous offenses by calling as a witness Fariba
Saberan, the victim from a similar offense committed by appellant not far from
the location of the offense committed against Fox.  Saberan testified that, one night as she was leaving work and
walking alone in the parking garage toward her car, appellant approached her
and pushed her to the wall.  A struggle
ensued in which appellant banged Saberan=s
head against the wall several times and pulled her by the hand in which she was
holding her car keys, breaking her finger. 
Saberan testified that she was screaming for help.  Appellant took her purse and left.  The keys fell to the ground.  Saberan went back into the building to find
a security guard.  When she returned
with help about 15 minutes later, the keys and her vehicle were both gone.  Saberan=s
vehicle was recovered a few days later when somebody was trying to sell it at a
dealership.  Saberan positively
identified appellant in court as the person who committed the offense.  We hold that the trial court did not abuse
its discretion in allowing as rebuttal evidence the extraneous offense against
Saberan.  Appellant had testified that
he would never hit a female, that he did not punch Fox, that she fell and hit
her head while they were scuffling, and that he had no intent to take Fox=s car.  The rebuttal evidence tended to refute
appellant=s defensive
theory by showing that appellant had no qualms about hitting a female and that
he had the intent to take Fox=s
car.  The sixth point of error is
overruled.  








In his seventh point, appellant contends that the
trial court erred in overruling his objection to the introduction of appellant=s identification card from
the Texas Department of Criminal Justice. 
The record shows that the identification card was found in a wallet in
Fox=s vehicle.  Fox testified that she had never seen the
wallet before.  The trial court
originally ruled before any evidence was presented to the jury that the
identification card could not be introduced. 
However, because appellant took the stand and testified in his own
behalf, the State was allowed to cross-examine him and impeach his credibility
with evidence of his prior convictions. 
TEX.R.EVID. 609.  The trial court
allowed the State to introduce the identification card during its
cross-examination of appellant.  We hold
that the trial court did not abuse its discretion.  The seventh point of error is overruled.  

In his eighth point, appellant complains that the
trial court erred by denying his request for a hearing regarding the propriety
of the photographic lineup in which Saberan identified appellant.  The record shows that appellant did not
request a hearing but that he merely objected to the introduction of the
photographic array because there had been no hearing.  At the time that appellant made his objection, Saberan had
already positively identified appellant in court as the person who committed
the offense.  During cross-examination,
appellant further explored the circumstances surrounding the photographic
lineup and Saberan=s
pretrial identification of appellant. 
There is nothing in the record to indicate that Saberan=s in-court identification
of appellant was tainted or that the pretrial identification procedure was
impermissibly suggestive.  See Manson v.
Brathwaite, 432 U.S. 98, 114 (1977); Simmons v. United States, 390 U.S. 377
(1968); Delk v. State, 855 S.W.2d 700, 706 (Tex.Cr.App.), cert. den=d, 510 U.S. 982
(1993).  We hold that the error, if any,
in failing to hold a hearing outside the jury=s
presence was harmless because there is no evidence indicating that the pretrial
identification procedure was impermissibly suggestive.  Gray v. State, 797 S.W.2d 157 (Tex.App. -
Houston [14th Dist.] 1990, no pet=n).  The eighth point of error is overruled. 








In his ninth point, appellant argues that the
trial court erred by allowing the State to cross-examine appellant=s mother regarding his
prior convictions.  Appellant objected
to Aimproper
cross-examination regarding someone else=s
criminal record.@  We disagree.  The record shows that, at the time appellant=s mother was called to
testify, appellant had testified and had been impeached with evidence of his
prior convictions and pending cases. 
Consequently, the trial court did not abuse its discretion in allowing
the State to ask appellant=s
mother if she was aware of appellant=s
prior convictions.  The ninth point of
error is overruled.  

In his final two points of error, appellant
challenges the State=s
jury argument at the guilt/innocence and the punishment phases of trial.  There are four categories of proper jury
argument: (1) summation of the evidence, (2) reasonable deductions from the
evidence, (3) answers to the arguments of opposing counsel, and (4) pleas for
law enforcement.  Cantu v. State, 842
S.W.2d 667, 690 (Tex.Cr.App.1992), cert. den'd, 509 U.S. 926 (1993).  

At the guilt/innocence phase, the prosecutor
argued:  

Thank God for Mr. Sells.  Dedicated to his job....He knew what was under way as soon as he spotted
this defendant.  Suspicious
activity.  He just watched him and
watched him, and finally it paid off. 

 

If Mr. Sells hadn=t come up on the scene, I
don=t know what would
have happened to Ms. Fox.  Could
something more serious have happened to her? 
Because he wanted that car in the worst way.  If he was willing to punch out that woman, cause those two welts
on her forehead, what else would he have done if Mr. Sells hadn=t come by? 

At that point, appellant=s
attorney objected to the prosecutor=s
argument as Aspeculation,
conjecture.@  The trial court overruled the
objection.  We hold that the trial court
did not err in overruling appellant=s
objection because it was untimely and because it was a proper argument asking
the jury to consider the circumstances surrounding the crime.  See, respectively, Cockrell v. State, 933
S.W.2d 73 (Tex.Cr.App.1996), cert. den=d,
520 U.S. 1173 (1997), and Casarez v. State, 857 S.W.2d 779, 787-88 (Fort Worth
1993), aff=d,
913 S.W.2d 468 (Tex.Cr.App.1995)(on rehearing); Gonzales v. State, 831 S.W.2d
491, 494 (Tex.App. - Houston [14th Dist.] 1992, pet=n ref=d);
Gonzales v. State, 807 S.W.2d 830, 836 (Tex.App. - Houston [1st Dist.] 1991,
pet=n ref=d).  The tenth point of error is overruled. 

At the punishment phase of trial, appellant=s attorney argued that this
case only deserved punishment in the range of two to five years.  In response, the prosecutor argued:  

If this were a one time thing, maybe the minimum
or something like five or six.  But not
with a resume of criminal history like this defendant=s got. 
For only being almost 21 years old, he=s
compiled quite a resume, from the time he was a juvenile up to the time where
he=s an adult
now.  








You heard about all of the
offenses.  My gosh, even the juvenile
system wasn=t able to
deal with him.  They dealt with him for
quite some time.  And you only wind up
in TYC when you=ve hit
the end of the line in the juvenile system. 


Appellant objected that the prosecutor was arguing outside the
record.  We disagree.  The evidence at the punishment stage of
trial showed that appellant had several juvenile adjudications and that, before
finally sending him to TYC, the juvenile system had dealt with him by giving
him probation and then by giving him probation with placement outside his
home.  Therefore, the prosecutor=s argument constituted a
reasonable deduction from the evidence and a proper plea for law
enforcement.  The eleventh point of
error is overruled.  

The judgment of the trial court is affirmed.  

 

JIM R. WRIGHT

JUSTICE

 

July 11, 2002

Do not publish. 
See TEX.R.APP.P. 47.3(b).

Panel
consists of:  Arnot, C.J., and 

Wright,
J., and McCall, J. 











     [1]Batson v. Kentucky, 476 U.S. 79 (1986).