Affirmed and Memorandum Opinion filed March 4, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-07-00715-CR

___________________

 

Karl Eugene Jones, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On Appeal from the 176th District Court

Harris County, Texas



Trial Court Cause No. 1081219

 



 

 

MEMORANDUM OPINION

            A
jury convicted Karl Eugene Jones of burglary of a building, a state-jail
felony.  Because appellant is a repeat offender, the jury sentenced him to
twenty years’ confinement in the Institutional Division of the Texas Department
of Criminal Justice.  Appellant raises the following issues on appeal: (1) the
trial court erred in overruling appellant’s objection to one of the State’s
improper jury arguments; (2) the State’s improper jury arguments generally so
infected the trial with unfairness as to make appellant’s conviction a denial
of due process; (3) appellant received ineffective assistance of counsel; and
(4) the trial court abused its discretion in denying appellant’s motion for new
trial.  We affirm.

I.                  
Background

            At approximately 2:15
a.m. on August 20, 2006, Officer R. J. Cantu of the Houston Police Department (HPD)
received a burglary alarm call and was dispatched to Owen Electric Supply, Inc.
(OES).  OES manufactures and sells electrical construction products.  When
Officer Cantu arrived at the scene, he observed appellant and another male
inside the fenced-in premises.  First, the men stood inside the fence and
lifted spools of wire over it to the outside.  Next, they went through a hole
in the fence to the outside and continued lifting the spools over it.  When
Officer Cantu’s backup arrived, the two men took off running.  Appellant ran
back through the hole in the fence and into OES’s building, and the other man
ran toward some nearby railroad tracks.  Consistent with department policy,
Officer Cantu summoned the HPD’s canine unit to search the building.

            Officer W.J. Bearden
arrived with a patrol canine and noted the building’s door had been forced
open.  She entered the building and gave three commands for anyone inside to
come out.  After receiving no response, she released the canine from his leash
and instructed him to search the building.  The canine alerted her that he had
picked up a scent behind some boxes.  She gave several commands for anyone
behind the boxes to come out.  After receiving no response, she sent the canine
back behind the boxes, and he pulled appellant out.  

            Edward Wrobliske, a vice
president at OES, was present on the scene when Officer Bearden and the canine retrieved
appellant from inside the building.  However, because it was dark at the scene,
he was unable to later identify appellant at trial.  Officers Bearden and Cantu,
however, identified appellant at trial as the man pulled out of the building. 
Officer Cantu further testified appellant was the man he saw lifting spools of
wire over the fence.  Wrobliske testified approximately sixty spools of copper wire,
each worth two-hundred dollars, had been removed from the building.

            Appellant admitted he was
at the scene during the burglary but denied stealing the wire.  Instead, he
offered another explanation for his presence at the crime scene.  He claimed that
a friend took him to the fence on the property to meet with another man
concerning some landscaping equipment.  He further testified he did not enter
the property until Officer Bearden arrived with the canine, at which point he
ran through the fence and into the building in an effort simply to escape the
canine.  

Appellant also claimed he was
incapable of committing the burglary because he was suffering from blood clots
in his leg and could not walk on his own without crutches or a cane. 
Nevertheless, that claim was controverted by appellant’s testimony that he could
apparently walk from the car to the premises and later run into the
building, all without the assistance of crutches or a cane.

            The jury convicted
appellant of burglary of a building.  See Tex. Penal Code Ann. § 30.02
(Vernon 2003).  Upon finding he had two previous felony convictions, the jury
enhanced his sentence to a second-degree felony and sentenced him to twenty
years’ confinement.  See id. §§ 12.33(a); 12.42(a)(2) (Vernon Supp. 2009). 

Appellant filed a motion for new
trial, alleging he received ineffective assistance of counsel.  At the hearing
on the motion, his counsel did not testify, and appellant otherwise presented
no evidence regarding his counsel’s actions or strategy other than what appears
on the face of the record.  The motion for new trial was denied, and this
appeal was properly perfected.

II.        Discussion

A.        Jury
Arguments  

Because appellant’s first
two issues bear on allegedly improper jury arguments, we will address them
together.  A proper jury argument should fall within
one of four general areas: (1) summation of the evidence, (2) reasonable
deduction from the evidence, (3) answer to the argument of opposing counsel, or
(4) plea for law enforcement.  Guidry v. State, 9 S.W.3d 133, 154 (Tex.
Crim. App. 1999).  The State is permitted to draw reasonable inferences from
the evidence and is to be afforded wide latitude in its jury arguments as long
as counsel’s argument is supported by evidence and made in good faith.  Griffin
v. State, 554 S.W.2d 688, 690 (Tex. Crim. App. 1977).

Appellant
objected to five allegedly improper jury arguments by the State.  The court
sustained four of his objections and overruled one.  In his first issue,
appellant contends the four arguments to which the court sustained his objections
otherwise so infected the trial with unfairness as to make his
conviction a denial of due process.  In his second
issue, appellant contends the court erred in overruling his remaining objection
to the State’s argument.  

1.   Sustained Objections

To
complain on appeal about an improper jury argument, a defendant must show he
objected to the argument at trial and pursued his objection to an adverse
ruling.  See Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). 
A defendant pursues his objection to an adverse ruling where, after the court
sustains his objection, he requests an instruction to disregard and, if
necessary, moves for a mistrial.  Id.  Where he fails to do so, he has
nothing to complain of on appeal because the court has already given him all
the relief he requested at trial.  Id.  Here, appellant did not pursue
any of the sustained objections to an adverse ruling.  Therefore, he forfeits
his right to raise them on appeal.[1]  See id.  

2.   Overruled Objection

We
review a court’s overruling of an objection to an improper jury argument under
a reversible-error standard.  See Wesbrook v. State, 29 S.W.3d 103, 115
(Tex. Crim. App. 2000).  An argument constitutes reversible error when it
violates a statute, injects new and harmful facts into the case, or is
manifestly improper.  Id.  We review the record in its entirety to
determine whether any erroneous statements were made, and if so, we determine
whether they were so prejudicial as to deprive the defendant of a fair trial.  Johnson
v. State, 233 S.W.3d 109, 114 n.4 (Tex. App.—Houston [14th Dist.] 2007, no
pet.).  

            Here, appellant claims the State
mischaracterized his trial testimony during its closing argument. 
Specifically, appellant contends the State’s argument—that he testified to
having been on the property before the police arrived—is incorrect because he
testified he was outside the fence until the police arrived.  Appellant claims
the State’s argument injected new and harmful facts into the case.  We
disagree.  

It
is unclear from the evidence presented whether OES’s property extended outside
the fence.  At a minimum, however, Officer Cantu testified that appellant was
inside the fence at one point and on OES property.  The jury was entitled to
believe Officer Cantu’s testimony and disbelieve appellant’s.  See
Parker v. State, 119 S.W.3d 350, 355 (Tex. App.—Waco 2003, pet. ref’d)
(citing Goodman v. State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001)).  Therefore, the State’s argument does not inject new and
harmful facts into the case.  Wesbrook, 29 S.W.3d at 115.  Accordingly,
we overrule appellant’s first and second issues.

B.        Ineffective
Assistance of Counsel

            In
his third issue, appellant contends he received ineffective assistance of
counsel.  Both the federal and state constitutions guarantee an accused the
right to have the reasonably effective assistance of counsel.  See U.S.
Const. Amend. VI; Tex. Const. Art. I, § 10; Tex. Code Crim. Proc. Ann. art 1.05
(Vernon 2005); Strickland v. Washington, 466 U.S. 668, 686 (1984).  In
reviewing claims of ineffective assistance of counsel, we apply a two-pronged
test.  See Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005)
(citing Strickland, 466 U.S. at 687–88).  To establish ineffective
assistance of counsel, appellant must prove by a preponderance of the evidence
that (1) his trial counsel’s representation was deficient in that it fell below
the standard of prevailing professional norms and (2) there is a reasonable probability
that, but for counsel’s deficiency, the result of the trial would have been
different.  Id. (citing Strickland, 466 U.S. at 687–88).  A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

            When
evaluating a claim of ineffective assistance, we look to the totality of the
representation and the particular circumstances of each case.  Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  We are to begin with the
strong presumption that counsel’s actions and decisions were reasonably
professional and motivated by sound trial strategy.  Salinas, 163 S.W.3d
at 740; Stults v. State, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d).  To overcome the presumption of reasonable
professional assistance, an accused must show his allegation of ineffectiveness
and counsel’s alleged ineffectiveness are firmly founded in the record.  Thompson,
9 S.W.3d at 814.  

            The
record is best developed in a hearing on a motion for new trial or an
application for a writ of habeas corpus.  Stults, 23 S.W.3d at 208. 
Where there is no record or where the record is otherwise silent as to the
reasons for counsel’s conduct, an allegation of ineffective assistance can
often lie beyond effective appellate review.  See id.  Of course, when
no reasonable trial strategy could justify counsel’s conduct, counsel’s
performance falls below an objective standard of reasonableness as a matter of
law, regardless of whether the record adequately reflects counsel’s strategy.  Andrews
v. State, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).  Our review of
counsel’s actions, however, must be highly deferential to trial counsel and
avoid the deleterious effects of hindsight.  Ingham v. State, 679 S.W.2d
503, 509 (Tex. Crim. App. 1984).  

            Here,
appellant was granted a hearing on his motion for new trial.  However,
appellant’s new-trial evidence significantly lacked testimony from counsel or
any other source as to legal strategy.  Nevertheless, appellant raises some
seventeen sub-issues arguing ineffective assistance, which we have grouped for
disposition as follows: (1) failure to conduct a reasonable investigation; (2)
failure to prepare appellant for trial; (3) characterization of appellant’s
conduct as “stupid” rather than criminal; (4) failure to preserve error to the
State’s improper jury arguments; (5) failure to request the submission of
defensive issues in the jury charge; and (6) failure to explain the
consequences of stipulating to previous offenses.

1.     
 Failure to Investigate

            Counsel
has a duty to make either a reasonable investigation or a reasonable decision
that an investigation is unnecessary.  Strickland, 466 U.S. at 691. 
Appellant argues counsel failed to do either when she chose not to (1) speak
with several of the State’s witnesses prior to trial; (2) subpoena a medical
expert and the officer who took appellant to the hospital after his arrest; and
(3) subpoena or produce HPD’s internal-affairs records and appellant’s medical
records.

            Specifically,
appellant argues counsel was ineffective because she failed to speak to Wrobliske,
Officer Cantu, and appellant’s girlfriend prior to trial.  With regard to
Wrobliske, appellant contends had counsel spoken with him prior to trial, she
would have discovered he believed it was an “inside job.”  Nevertheless, at the
new-trial hearing, Wrobliske denied ever making any such statement.  With
regard to Officer Cantu, who testified at trial, the record does not reflect
what beneficial information, if any, he could have provided during an informal
interview.  Finally, as to appellant’s girlfriend, the record reflects she had
an opportunity to communicate with counsel prior to trial; during that meeting,
she apparently provided counsel appellant’s medical records and identified another
man whom she believed to be a participant in the burglary.  The record does not
reflect what additional beneficial information, if any, she could have
provided.  Moreover, all three witnesses testified at trial.  

            Appellant
argues counsel was ineffective for failing to subpoena the officer who took him
to the hospital and a medical expert, presumably to speak to appellant’s
claimed medical condition.  Generally, the decision to call a particular
witness to testify is a strategic one.  Here, we have no evidence in the record
from which we can determine counsel’s strategy.  She may have reasonably
decided that calling these witnesses would have done more harm than good,
particularly in light of appellant’s testimony undermining his claim of a
debilitating medical condition.  See Stults, 23 S.W.3d at 209 n.6.  

            Appellant
also argues counsel was ineffective for failing to subpoena or produce HPD’s
internal-affairs records and appellant’s medical records.  The record is silent
as to what these records would have revealed. Appellant has not shown that
counsel’s representation fell below prevailing professional norms or that the
result probably would have been different.  See Strickland, 466 U.S. at
687.  Therefore, we overrule appellant’s complaint that counsel failed to
investigate.  See id. at 691.

2.     
 Failure to Prepare Appellant for Trial

Appellant contends counsel
failed to give him notice of plea offers, the trial setting, and proper trial
appearance.  The record reveals, however, that appellant was aware of the plea
agreements offered by the State, and he rejected them.  It also reveals that on
the day of trial, appellant wished to proceed to a jury trial.  

Appellant argues counsel
should have advised him that his hairstyle, which he wore in 30 ponytail
plaits, might offend the jury’s sensibilities.  Appellant cites to no authority,
nor can we find any, suggesting a certain hairstyle to be improper trial
appearance.  Additionally, appellant concedes his hairstyle is less likely to
offend a jury than, for example, appearing in jail clothing, which has even
been held not to constitute ineffective representation.  See Estelle
v. Williams, 425 U.S. 501, 508–09 (1976); Randle v. State, 826
S.W.2d 943, 945 (Tex. Crim. App. 1992).  Therefore, appellant has not shown
counsel failed to prepare him for trial.  See Strickland, 466 U.S. at
691.

 

3.  Characterization of
Appellant’s Actions as “Stupid”

            Appellant
further criticizes his counsel for referring to appellant’s actions as “stupid”
during her arguments.  The pertinent parts of counsel’s arguments read as
follows:

[M]y client
made a succession of really stupid decisions that night.  He did a lot of
things that he shouldn’t have done but ultimately the evidence will show my
client was not the person who went into that building…. 

. . . .

[H]e made a
bunch of really bad decisions, stupid decisions, but not criminal decisions…

. . . .

[W]e talked
about how you do stupid stuff.  You know, you’ve been awakened because you’re
sleeping because you’re taking Vicodin, and then you go and you get a call,
you’re really not paying attention….

. . . .

And I have
no clue why he went out there.  I wouldn’t have done it, but doing stupid stuff
is not criminal.

It is not unprecedented
for defense counsel to note her defendant’s poor judgment as a reasonable
concession while nevertheless urging the jury to find him not guilty of a
crime.  See, e.g., Hines v. State, 144 S.W.3d 90, 93 (Tex.
App.—Fort Worth 2004, no pet.) (holding counsel’s argument that the defendant
made a “stupid mistake” did not render counsel ineffective).[2] 
We need not conclude counsel was ineffective merely because other counsel may
have tried the case differently.  See Ingham, 679 S.W.2d
at 509.  

            4. 
Failure to Preserve Error

Appellant argues counsel
was ineffective for failing to preserve error on three of the State’s allegedly
improper arguments.  However, because the record lacks specific evidence as to
counsel’s strategy, appellant has not overcome the presumption of effective
assistance.  See Thompson, 9 S.W.3d at 814.  Counsel may have reasonably
decided not to object to avoid drawing the jury’s attention to the State’s
argument.  We will not speculate as to counsel’s strategy or conclude that she
was ineffective merely because other counsel may have tried the case
differently.  Ingham, 832 S.W.2d at 509.  Accordingly, appellant’s
argument fails.

5.  Failure to Request
Defensive Issues in the Jury Charge

Appellant contends counsel
was ineffective because she failed to request jury instructions on the potential
defenses of necessity and involuntary intoxication.  However, both defenses
require the defendant to admit he committed the offense before offering the
defense as justification.  See Young v. State, 991 S.W.2d 835,
838 (Tex. Crim. App. 1999) (necessity); Mendenhall v. State, 77 S.W.3d
815, 817 (Tex. Crim. App. 2002) (involuntary intoxication).  As such, the
defenses were inconsistent with appellant’s theory of the case—that he did not
commit the crime.   See id.  Consequently, it was not unreasonable for
counsel not to request their submission.

Appellant also contends
counsel provided ineffective assistance by failing to request an instruction
stating “mere presence is not evidence of guilt.”  “Mere presence,” however, is
not a recognized defense, although it may be argued on appeal in the context of
legal insufficiency of the evidence.  See Collins v. State, 686 S.W.2d
272, 274 (Tex. App.—Houston [14th Dist.] 1985, no pet.).  Accordingly,
appellant’s argument that counsel was ineffective for failing to request the
submission of defensive issues in the jury charge fails.  

6.  Failure to Discuss
Sentence Enhancements and Stipulations

Appellant argues counsel
was ineffective for failing to explain the consequences of pleading true or
stipulating to specific previous offenses.  Notably, appellant has never denied
that he committed the prior offenses.  Additionally, even had appellant refused
to stipulate to some of his previous offenses, we cannot say there is a
reasonable probability that the outcome would have been different because the
State offered direct proof—the judgments—of at least two prior felonies.  See
Strickland, 466 U.S. at 687.  That evidence, by itself, was sufficient to
satisfy the necessary requirements to enhance appellant’s punishment to a
second-degree felony.  See §§ 12.42(a)(2), 12.33(a).  Therefore,
appellant has not shown there is a reasonable probability the result would have
been different.  See Strickland, 466 U.S. at 687.  Accordingly,
appellant’s argument fails.  

Appellant has not met his
burden as to ineffective assistance.  Thus, we overrule his third issue on
appeal.

C.        Denial of Motion
for New Trial

At the motion for new
trial hearing, appellant raised various allegations of ineffective assistance of
counsel, and the trial court ultimately denied appellant’s motion.  For reasons
that are unclear, appellant argues now on appeal that the trial court erred by denying
his motion with respect to one particular allegation—that counsel was
ineffective for objecting to evidence of a prior burglary of the same OES
building.  As we understand his complaint, appellant suggests that evidence
proving his innocence of the previous burglary might similarly disprove
his participation in the later burglary.

We
review the denial of a motion for new trial for an abuse of discretion.  See
Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). The test for abuse of discretion is whether the trial
court acted without reference to any guiding rules or principles.  State v.
Herndon, 215 S.W.3d
901, 907–08 (Tex. Crim. App. 2007).  The
mere fact that a trial court may decide a matter within its discretionary
authority differently than an appellate court does not mean the trial court
abused its discretion.  Id.           

We
review the evidence in the light most favorable to the trial court's ruling, and
we presume that all reasonable findings that could have been made against the
losing party were so made.  See Quinn v. State, 958 S.W.2d 395, 402 (Tex. Crim. App. 1997).  Only when no reasonable view of the record could support
the trial court's ruling do we conclude the trial court abused its discretion.  Holden v.
State, 201 S.W.3d
761, 763 (Tex. Crim. App. 2006).

As the State correctly
points out, essentially “[a]ppellant’s argument . . . is that . . . counsel was
ineffective for objecting to ‘favorable evidence,’ and the trial court erred in
preventing him from eliciting the date, time and place of the burglary . . .
.”  The State argues:  

[t]he
fact that appellant could not have committed a previous, unrelated burglary
against the same complaining witness in no way exonerates him of the instant
charge. . . .  [Additionally,] the [S]tate never attempted to connect appellant
to the prior burglary; therefore, there was no need for trial counsel to allow
proof of an inadmissible offense into evidence, only later to refute it.

We agree. 
We decline to hold that counsel’s objection to evidence of an entirely
unrelated offense somehow constituted unsound trial strategy.  See Tex.
R. Evid. 401, 403, 404.  Appellant’s suggestion that he did not commit a
different burglary has no bearing on whether he committed the burglary for
which he was charged.  See id.  Therefore, appellant has not shown
counsel was ineffective, and the trial court did not abuse its discretion in
denying appellant’s motion for new trial.  Accordingly, we overrule appellant’s
fourth issue on appeal.

 

 

 

 

 

III.           
Conclusion

Having overruled appellant’s issues
on appeal, we affirm the trial court’s judgment.  

 

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]  Appellant
suggests he need not preserve error if improper jury arguments so infected the
trial with unfairness as to make the resulting conviction a denial of due
process.  See Miller v. State, 741 S.W.2d 382, 391 (Tex. Crim. App.
1987).  However, the Texas Court of Criminal Appeals has expressly rejected
this contention, even as to incurable jury argument.  Cockrell v. State,
933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (“[A] defendant’s ‘right’ not to be
subjected to incurable erroneous jury arguments is one of those rights that is
forfeited by a failure to insist upon it.  Therefore, we hold . . . a
defendant’s failure to pursue to an adverse ruling his objection to a jury
argument forfeits his right to complain about the argument on appeal.”).





[2] Appellant further argues that by characterizing
appellant’s actions as stupid, counsel negated any defense of involuntary
intoxication.  We disagree.  Such a characterization as to some acts does not automatically
preclude appellant from arguing he committed other acts through involuntary
intoxication.  See, e.g., Mendenhall v. State, 77 S.W.3d
815, 817–18 (Tex. Crim. App. 2002) (describing involuntary-intoxication affirmative
defense arising from actor’s inability, as a result of mental disease or
defect, either to know his conduct was wrong or to conform his conduct to the
requirements of the law he allegedly violated).  However, as noted elsewhere,
the defense of involuntary intoxication would have been inconsistent with the
core defense theory of the case—that appellant did not commit the crime.