Jonathan Bradford **WILLIAMS,**
Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–93–00113–CR.

Court of Appeals of Texas,
Tyler.

Feb. 28, 1995.

Rehearing Overruled April 7, 1995.

Discretionary Review Refused
Aug. 23, 1995.

Paul Tatum, Nacogdoches, for appellant.

Greta E. Haidinyak, Nacogdoches, for appellee.

HOLCOMB, Justice.

A jury convicted Appellant of aggravated possession of a controlled substance and assessed his punishment at 70 years in prison and a fine of $15,000. He contends that the court erred when it: (1) denied his motion to produce a video tape that may have been exculpatory; (2) allowed the State to admit evidence of his prior convictions without making a finding that the probative value of the evidence outweighed its prejudicial effect; (3) allowed the State to question Appellant about facts relating to a prior conviction; and, (4) failed to give the jury an instruction that Appellant had requested. Appellant also challenges the sufficiency of the evidence to support his conviction. We will affirm.

On January 3, 1992, Texas Highway Patrol officers Rusty Condry and Randy Loftin arrested Appellant for driving while intoxicated ("DWI"). Condry and Loftin searched Appellant, handcuffed him and placed him in a patrol car to transport him to the Smith County jail. After arriving at the jail, Loftin found a bag of cocaine on the floorboard where Appellant had been sitting. Loftin testified that when Appellant got into the patrol car, his pants were tightly rolled at the cuffs, but when Appellant was removed from the car at the jail, his right pant cuff was unrolled. The State alleged that the cocaine was hidden in Appellant's rolled pant cuff and that Appellant must have removed the bag of crack cocaine with his left foot while en route to the jail. As a result, Appellant was charged with aggravated possession of a controlled substance. In Smith County, all persons who are stopped and arrested for driving while they are drunk are videotaped. Appellant pled nolo contendere to the DWI charge against him.

■ In his first point of error, Appellant contends that the court erred when it denied his motion for production and inspection of the video tape that was taken of him the night that he was arrested. During pre-trial, the prosecutor confirmed that the State had a videotape of Appellant which he had not viewed and had no intention of using at trial.

Later, Appellant requested that the State produce the video tape. However, the prosecutor explained that the video tape had been destroyed after Appellant did not contest the DWI charge. The court found that the tape was not in existence; therefore, it denied Appellant's motion.

■ Appellant contends that the video may have been exculpatory because it may have shown that his cuff was tightly rolled, which would have been inconsistent with Loftin's testimony. He argues that the State's suppression or destruction of evidence violates his civil rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Under *Brady,* a prosecutor has an affirmative duty to reveal exculpatory evidence when a defendant timely files a "Brady" motion. *Id.* The State violates a defendant's right to due process if: (1) the prosecutor has failed to disclose evidence; (2) the undisclosed evidence is favorable to the defendant; and (3) the evidence is such that there is a reasonable probability that the outcome of the trial would have been different had the evidence been disclosed to the defense. *United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985); *Thomas v. State,* 841 S.W.2d 399, 401 (Tex.Cr.App.1992). In this case, the State failed to preserve evidence which may have been useful to Appellant; therefore, we must apply a different test. In *Arizona v. Youngblood,* the United States Supreme Court held that the failure to preserve potentially useful evidence is not a denial of due process unless a criminal defendant can show bad faith. *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988); *Thomas,* 841 S.W.2d at 402 n. 5; *State v. Rudd,* 871 S.W.2d 530, 533 (Tex.App.—Dallas 1994, no pet.).

At trial, the prosecutor testified that the video tape was destroyed pursuant to Smith County's policy to reuse or destroy a DWI tape after the DWI case has been closed. Appellant did not offer any evidence in the record that would necessarily cause us to conclude that the State destroyed the video tape in bad faith. Accordingly, Appellant's first point is overruled.

■ In his second point, Appellant contends that the court erred when it allowed the State to offer evidence of his prior convictions without first determining whether the probative value of admitting the evidence outweighed its prejudicial effect. Pursuant to Rule 404(b) of the TEXAS RULES OF CRIMINAL EVIDENCE, Appellant requested that the court order the State to disclose the evidence that it planned to use against him. The State advised the court that it intended to use the underlying facts of the DWI offense for which Appellant was initially arrested, as well as his prior felony convictions for theft and possession of a controlled substance. After the State introduced its evidence-in-chief, Appellant announced that he wanted to testify. The court advised Appellant that the State could impeach him with his prior convictions and gave him an opportunity to discuss his decision with his attorney. After Appellant talked with his attorney, he insisted that he wanted to testify. Appellant's attorney made the following objection:

> **MR. BRUSH: [Appellant's attorney]**
> Judge, before the jury comes in, so that I don't have to make this objection in front of the jury, may I, at this point, object to the State being allowed to inquire as to prior criminal convictions unless the same are shown to be *intrinsically relevant to the issue before the court?*
>
> (Emphasis added.)

The objection was overruled. Appellant then took the witness stand and denied any knowledge of the $14,000 worth of cocaine found in the patrol car. During the State's cross-examination of Appellant, he admitted to the jury that he had previously been convicted of felony theft and possession of a controlled substance. Appellant made no further objection when the State offered a penitentiary packet, except as follows:

> **MR. BRUSH:** We would object, your Honor, on the grounds previously stated.
>
> **THE COURT:** Overruled, if that's the only objection you have. Is that the only objection you have?
>
> **MR. BRUSH:** (No response.)
>
> **THE COURT:** Is that the only objection you have?

**MR. BRUSH:** I believe so, your Honor.

**THE COURT:** Number 5 is admitted.

■ The general rule is that a criminal defendant that takes the witness stand may be impeached, contradicted, cross-examined on new matters, and treated in every respect as any other witness. *Sanchez v. State,* 707 S.W.2d 575, 577 (Tex.Cr.App.1986). However, the RULES OF CRIMINAL EVIDENCE states:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted . . . but only if the crime was a felony or involved moral turpitude . . . *and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.*

TEX.R.CRIM.EVID. 609(a) (emphasis added). In reviewing an Appellant's complaint on appeal, the complaint must comport with the objection that he made at trial. *Cravens v. State,* 687 S.W.2d 748, 752 (Tex.Cr.App.1985). If Appellant's objection at trial is different from his argument on appeal, he has preserved nothing for review. *Id.*

At trial, Appellant objected on the basis that Appellant's prior convictions were not relevant. However, the objection that he raises on appeal is that the evidence of his prior convictions was prejudicial to his case. Because no objection was made at trial on the prejudicial effect of Appellant's prior convictions, and Appellant did not request the court to perform the balancing test as provided in TEXAS RULE OF CRIMINAL EVIDENCE 609(a), Appellant has not preserved error for this court to review. The second point overruled.

■ In his third point, Appellant complains that the court erred when it allowed the prosecutor to delve into facts pertaining to Appellant's prior convictions. According to the record, the sequence of events that occurred during the trial were:

**Q:** Let me just ask you—I'm going to ask you one little simple question. Do you have any dispute that that much cocaine would be worth $14,000?

**A:** Do I have any dispute?

**Q:** Yeah.

**A:** I can't dispute it, because I don't know all of the facts pertaining to—what is it worth? I don't know. What is it worth?

**Q:** Let me ask you, you've got a conviction for possession of crack cocaine?

**A:** Yes.

**Q:** Did the crack cocaine fairy fly over and get thrown on you, or did you buy it from somebody?

**MR. BRUSH:** Your Honor—

**A:** Did I buy some crack cocaine?

**MR. BRUSH:** Excuse me just a minute. Your Honor, I object to the last question asked by Counsel going into matters that are not in evidence before this jury as to some prior offense.

**MR. PERKINS:** [Prosecutor] Judge, the—the conviction that I'm asking him about is right there in evidence.

**MR. BRUSH:** Judge, he's not asking about the conviction; he's asking about details concerning the conviction.

**THE COURT:** Well, based on the testimony of the Defendant [Appellant], I overrule your objection. Go ahead.

**Q:** [By Mr. Perkins] So how did you get the crack cocaine that you pled guilty to possessing in that other case, or were you lying when you said that you were guilty?

**A:** Was I lying then?

**Q:** Uh-huh.

**A:** No, I was guilty for those possession charges. I was guilty for those charges.

**Q:** So how did you get the crack cocaine in that case?

**A:** I don't wish to go into the detail. Like I was in possession, but like I said, it wasn't in the manner that you're trying to stress.

**Q:** No. I'm asking you a direct question. How did you get the crack cocaine that you pled guilty to in this case?

**A:** It was given to me.

**Q:** Somebody just gave it to you?

**A:** I don't have to say that they just gave it to me, but it was given to me. I did not purchase it.

**Q:** All right. Are you telling this jury that you don't know how much crack cocaine costs?

**A:** Am I telling—I'm telling the jury that I understand all of the facts about crack cocaine. I have relatives, I have friends, you know, other family members, neighbors in my neighborhood and in my environment that I grew up in, I am very familiar with crack cocaine. Answering your question could incriminate me to a certain degree, and I wish not to answer those questions.

**Q:** All right.

Appellant argues that under Section 3(a) of Article 37.07 of the CODE OF CRIMINAL PROCEDURE, the State is not allowed to elicit details of an offense for which a defendant has been previously convicted even when the conviction itself is admissible. We agree.

As our Court stated in *Johnson v. State*, 650 S.W.2d 784 (Tex.Cr.App.1983):

It is well settled that Art. 37.07, Sec. 3(a), V.A.C.C.P., limits the introduction of a prior criminal record to the fact of conviction and does not permit the State to show details of the offense. [Citations omitted.] In addition, the State is not permitted to allude to or in any way bring before the jury the surrounding facts in the prior conviction. [Citation omitted.]

The prosecutor's questions inquired about Appellant's previous possession of cocaine, which was a fact that occurred during a prior conviction. Therefore, the trial court erred when it permitted the State to ask Appellant about the manner in which he had acquired the cocaine.

■ Next, we must determine whether any harm was caused by the trial court's error. If we determine, beyond a reasonable doubt, that the error made no contribution to Appellant's conviction, we can affirm the conviction. TEX.R.APP.P. 81(b)(2). Should an error not interfere with the integrity of the trial process and affect the outcome of the trial, the error is harmless. *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Cr.App.1989); *Perez v. State*, 824 S.W.2d 565, 568 (Tex.Cr.App. 1992). The court in *Harris* set out the following factors that a reviewing court should consider in making this harm analysis:

(1) the source of the error;

(2) the nature of the error;

(3) whether or to what extent it was emphasized by the State;

(4) how much weight a juror would probably place upon the error; and,

(5) whether declaring the error harmless would encourage the State to repeat it with impunity.

*Harris*, 790 S.W.2d at 587; *Etheridge v. State*, 903 S.W.2d 1, 11 (Tex.Cr.App.1994). The predominant question is whether a rational trier of fact might have reached a different result if the error and its effects had not resulted. *Lockhart v. State*, 847 S.W.2d 568, 573 (Tex.Cr.App.1992), *cert. denied*, —— U.S. ——, 114 S.Ct. 146, 126 L.Ed.2d 108 (1993) (quoting *Harris*, 790 S.W.2d at 588). In looking at the source and nature of the error, we must determine whether the State intended to taint the trial in offering inadmissible evidence. *Higginbotham v. State*, 807 S.W.2d 732, 735 (Tex.Cr.App.1991).

■ According to the record, the State did not emphasize the information that it attempted to elicit from Appellant. After reading the exchange between the prosecutor and Appellant, Appellant's testimony does not appear to be harmful to Appellant. When the testimony is considered as a whole, the questioning of the prosecutor allowed Appellant an opportunity to explain to the jury that, in his prior conviction for possession, he had not bought the cocaine, but it had been given to him. We do not believe a reasonable juror would have been so influenced by the facts surrounding Appellant's prior conviction that the jury would have reached a different result. Although the trial court erred when it allowed the prosecutor to question Appellant regarding details that were the basis of a prior conviction, we hold that the error was harmless. Appellant's third point is overruled.

■ In his fourth point, Appellant complains that the court failed to give the jury an instruction that he had requested. At the conclusion of the guilt/innocence phase, Appellant requested the following instruction:

You are instructed that before you would be warranted in convicting the Defendant in this case, you must find from the evidence beyond a reasonable doubt that the exhibit introduced in evidence is cocaine, and you must also find beyond a reasonable doubt that the Defendant voluntarily had the same in his possession; that is, there must be evidence before you that affirmatively links the Defendant to the cocaine in question. The mere presence of the Defendant at the place where the alleged cocaine was found, if it was, does not of itself show possession.

The trial court sustained the State's objection to Appellant's request and the instruction was excluded from the charge. The State argues that Appellant's instruction was unnecessary because it was a request for an instruction on a defensive theory that negates an element of the offense; namely, that the actor obtains or exercises control over the controlled substance.

■ When reviewing an error based upon the charge to the jury, we must determine whether error existed in the charge, and whether the error was calculated to injure Appellant's rights. *Arline v. State*, 721 S.W.2d 348, 351 (Tex.Cr.App.1986); *see* TEX. CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). In making this determination, we must consider the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the arguments of counsel, and all other relevant information within the record as a whole. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Cr.App.1984); *Lauderback v. State*, 789 S.W.2d 343, 349 (Tex.App.—Fort Worth 1990, pet. ref'd).

■ First, we point out that the trial court does not have to give the jury an affirmative charge when an alleged defensive theory, such as "mere presence," negates an element of the offense. *Sanders v. State*, 707 S.W.2d 78, 81 (Tex.Cr.App.1986). The Fourteenth Court of Appeals has held that mere presence "is not a recognized defense, and ... need not be included in jury instructions." *Collins v. State*, 686 S.W.2d 272, 274 (Tex.App.—Houston [14th Dist.] 1985, no pet.). By instructing the jury on the State's burden to prove guilt beyond a reasonable doubt, the charge to the jury adequately protects a defendant. *See Geesa v. State*, 820 S.W.2d 154, 162 (Tex.Cr.App.1991). The court is only required to give a "mere presence" instruction when the defendant admits participation in the act itself and relies upon a statutory defense.[1]

In this case, Appellant denied any and all participation in the crime by asserting the defense of "mere presence." Because he denied any participation in the crime, his request for the defensive instruction on "mere presence" simply eliminates an element of the State's case. *Cf. Golden v. State*, 851 S.W.2d 291, 293 (Tex.Cr.App.1993) (drug conspirator was entitled to a mere presence instruction in connection with the legal requirement of corroboration of an accomplice witness' testimony. Such instruction did not relate to the elements of the crime of conspiracy but related to the requirement of corroboration). Appellant was not entitled to an instruction on a non-PENAL CODE defense. *Willis*, 790 S.W.2d at 315; *Sanders*, 707 S.W.2d at 80–81.

■ Next, we point out that "possession" is defined in TEXAS PENAL CODE ANN. article 1.07(a)(28) (Vernon 1974). When a term or an offense is statutorily defined, the statutory definition is the instruction that should be given to the jury. *Ray v. State*, 749 S.W.2d 939, 943 (Tex.App.—San Antonio 1988, pet. ref'd); *see Delgado v. State*, 628 S.W.2d 68, 69 (Tex.Cr.App. [Panel op.] 1982). The instruction that was given to the jury in this

---

1. Although *Sanders* does not stand for the premise that a defendant must admit commission of the offense before he is entitled to an instruction on any defense, even if a defendant denies participation in the offense, some defenses indicate participation in the offense and negate an element of the crime. *See Willis v. State*, 790 S.W.2d 307, 314 (Tex.Cr.App.1990). A defendant can deny that he purchased stolen goods and assert the defense of mistaken fact. *Id.* Such a defense indicates that the defendant participated in the crime—he purchased the goods. The defense negates the requisite mental state required for the purchase of stolen goods. *Id.* In such a case, the defendant would be entitled to the instruction on mistake of fact, even though he denied having participated in the crime, if the evidence raised mistake of fact.

case accurately tracked the language of the statute. Although the term "dominion" was not used in the definition, the terms "actual care," "custody," "control," or "management," by their various definitions, requires more than "mere presence." We believe that the court properly instructed the jury and that Appellant was adequately protected by the charge. Therefore, we hold that the trial court did not err when it denied Appellant's requested instruction. Point four is overruled.

▮▮▮▮ In his fifth and sixth points, Appellant challenges the sufficiency of the evidence to support his conviction. In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Cr.App.1989). To establish the unlawful possession of a controlled substance, the State must prove that the defendant exercised care, control, or management over the contraband, and that he knew that what he possessed was contraband. *Cude v. State*, 716 S.W.2d 46, 47 (Tex.Cr.App.1986). The State must offer evidence that shows more than Appellant was merely in the vicinity of a controlled substance. *Humason v. State*, 728 S.W.2d 363, 365 (Tex.Cr.App.1987). To meet the *mens rea* requirement of a possessory offense, the State must provide "affirmative links" between the accused and the contraband. Courts have identified numerous factors that constitute affirmative links.[2] The number of factors present is not as important as the degree to which the factors tend to

affirmatively link the accused to the contraband. *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex.App.—Austin 1991, pet. ref'd). For evidence of sufficient affirmative links, each case must be reviewed on its own facts. *Id.* Critical to our inquiry in this case was the affirmative links that were proven by circumstantial evidence. *See, Thomas v. State*, 762 S.W.2d 721, 723 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

Appellant argues that the evidence fails to establish any affirmative links between himself and the cocaine. We disagree. Viewed in the light most favorable to the verdict, the evidence reveals several facts and circumstances which link Appellant to the offense. The bag of cocaine was found on the floorboard of the patrol car on the passenger side where Appellant had been sitting. Therefore, the cocaine had to have been at Appellant's feet during the drive to the jail. Loftin testified that, in the past, he had attempted to slide much smaller objects under the passenger seat than the bag of cocaine that was found, and that it would have been impossible for the cocaine to have been passed from the back seat to the front without assistance. He further testified that the cuffs of Appellant's pants were tightly rolled or knotted when he placed Appellant in the patrol car after the arrest. When Appellant got out of the car at the jail, his right pants cuff was unrolled. While en route to the jail, Loftin stated that Appellant repeatedly rubbed the lower part of his right leg with his left foot and that Loftin repeatedly ordered Appellant to stop rubbing his leg. We conclude that these facts and circumstances sufficiently link the cocaine to Appellant. Consequently, any rational trier of fact could have found the essential elements of the crime beyond a

2. Circumstances courts have considered when determining whether the State has met its burden include: 1) the defendant's ownership of the vehicle or right to possession of the place where the controlled substance was found; 2) the defendant's sole access to the vehicle; 3) defendant under the influence of narcotics when arrested; 4) defendant's presence when the search warrant executed; 5) the defendant's sole occupancy of the vehicle at the time the contraband is discovered; 6) the location of the contraband, either in the trunk of the vehicle or in the passenger compartment; 7) contraband in plain view; 8) defendant's proximity to and the accessibility of

the narcotic; 9) defendant's possession of other contraband when arrested; 10) defendant's incriminating statements when arrested; 11) defendant's attempted flight; 12) defendant's furtive gestures; 13) presence of odor of the contraband; 14) presence of other contraband or drug paraphernalia, not included in the charge; 15) place drugs found was enclosed. *Gilbert v. State*, 874 S.W.2d 290 (Tex.App.—Houston [1st Dist.] 1994, n.p.h.); *Whitworth v. State*, 808 S.W.2d at 569; *Chavez v. State*, 769 S.W.2d 284, 288–89 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd); *Zertuche v. State*, 774 S.W.2d 697, 700–01 (Tex. App.—Corpus Christi 1989, pet. ref'd).

reasonable doubt. Appellant's fifth and sixth points are overruled.

The judgment of the trial court is **affirmed**.

RAMEY, Chief Justice, dissenting.

I respectfully dissent for the reason that the State's improper questions, the subject of Appellant's second point of error in the majority's opinion, inquiring about the source of his controlled substance in one prior conviction, was not harmless, as it ultimately produced admissions by the Defendant that he, his family and those in his environment were deeply involved in drug-related activities. *Harris v. State,* 790 S.W.2d 568 (Tex.Cr.App. 1989). I would hold this evidence harmful, reverse the conviction and remand the case for a new trial.