NO. 07-05-0287-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 28, 2006

_____

SEAN DOUGLAS WASHINGTON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 50,904-E; HON. RICHARD DAMBOLD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Sean Douglas Washington, appeals his conviction for possessing a controlled substance, namely cocaine, by claiming that the evidence is legally and factually insufficient to show that the substance was in his care, custody, or control. We affirm the judgment of the trial court.

*Background*

Officer Michael Rolan testified that over the course of several weeks prior to December 3, 2004, he had observed a new model red Saturn Vue parked at a motel on Amarillo Boulevard, a locale where drug activity was known to occur. He had also

observed different people visit the room adjacent to the parked vehicle, stay for several minutes, and then leave. The latter conduct was consistent with drug activity, according to the officer.

Around midnight on December 3, 2004, Rolan observed the same vehicle being driven by appellant. Then, around 3:50 a.m., Rolan again saw appellant driving the same vehicle down Amarillo Boulevard and pulling into the Sundown Motel. A short time later, appellant left the motel in the vehicle, and the officer followed it to see if he was returning to the Delux Inn, the place where the officer spied appellant on other occasions. While doing so, the officer saw appellant change lanes without signaling and effected a traffic stop.

Upon asking appellant where he was going, appellant said he had just left work and was going home. The officer knew this to be untrue because he had seen appellant driving around earlier. Appellant later changed his story and said that he was returning from his girlfriend's house. And, upon a request for proof of insurance, appellant was unable to provide any. As the officer attempted to cite appellant for the omission, appellant interrupted him several times first to ask if he could take a dip of snuff, then to ask why he had been stopped even though Rolan had already told him, and then to ask an additional question which Rolan believed was meant to distract him.

The officer eventually asked appellant for consent to search the vehicle, which consent appellant gave. While the search progressed, appellant again attempted to "distract" the officer by informing him that he knew of someone who had controlled substances. The officer nonetheless continued his search and found (hidden in one of the vehicle's cigarette lighters), a plastic bag containing several rocks of crack cocaine.

2

Thereafter, a search of appellant uncovered $200 in denominations of $10 and $20 bills. Those dealing crack often carried such denominations since one crack rock sold for $20, according to Rolan.

*Law*

The standards by which we review the legal and factual sufficiency of the evidence are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Zuniga v. State,* 144 S.W.3d 477 (Tex. Crim. App. 2004), *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000) for their explanation.

Next, the State is obligated to prove that the accused exercised care, custody, control, or management over the controlled substance while knowing it to be a controlled substance. *Brown v. State,* 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). This can be done through the use of circumstantial evidence. Moreover, when the accused is not in sole control of the premises or the instrumentality in which the drug is found, several indicia have been deemed useful in assessing guilt. They include such things as whether 1) the controlled substance was in plain sight, 2) the defendant owned or controlled the premises, 3) he had easy access to the drug, 4) the drug was found near him, 5) a strong residual odor of the drug existed, 6) any drug paraphernalia was in plain sight or near the defendant, 7) the accused was intoxicated when arrested, 8) he displayed a consciousness of guilt, 9) he had a special connection to the contraband, 10) the place where the drug was found was enclosed, and 11) the accused uttered affirmative statements connecting him to the drug. *Jones v. State,* 963 S.W.2d 826, 830 (Tex. App.–Texarkana 1998, pet. ref'd); *Williams v. State,* 906 S.W.2d 58, 65 n.2 (Tex. App.–Tyler 1995, pet. ref'd). The number

3

of factors established is not as important as the degree to which they tend to affirmatively link the defendant to the contraband. *Wallace v. State,* 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref'd). Furthermore, the evidence tending to establish the link need not be so strong as to exclude every other reasonable hypothesis except one of guilt. *Jones v. State,* 963 S.W.2d at 830.

*Application of Standard*

Viewing the evidence in a light most favorable to the judgment, we find evidence illustrating that 1) appellant was the sole occupant of the vehicle where the drugs were found, 2) the car had been obtained by appellant's mother and grandmother for him to drive, 3) appellant made the car payments, 4) appellant's mother and grandmother never drove the car although appellant's grandmother believed that appellant's friends may have done so, 5) the officer had never seen anyone but appellant drive the car, 6) the clear baggie was found enclosed in a cigarette outlet in the center console within easy access of appellant, 7) appellant had on his person an amount of cash in denominations consistent with that utilized in drug transactions, 8) appellant lied about where he was going, 9) appellant was observed earlier in an area where drug dealing was prevalent, 10) appellant's conduct of driving to locations on Amarillo Boulevard or having people visit him in motels on that boulevard liken to conduct pursued by those dealing in drugs, 11) appellant attempted to distract the officer during the vehicle search, and 12) appellant's vehicle had previously been observed over a course of several weeks at a motel known for drug dealing.

Surveillance indicating drug activity can be an affirmative link, *Smith v. State,* 176 S.W.3d 907, 917 (Tex. App.–Dallas 2005, no pet.), as can contraband located in enclosed

4

spaces, and conflicting statements by those attempting to conceal their criminal activities. *Robinson v. State,* 174 S.W.3d 320, 327-28 (Tex. App.–Houston [1st Dist.] 2005, pet. ref'd). These factors, combined with the facts that appellant was the permanent possessor of the vehicle, its sole occupant at the time the drugs were found, and his attempts to distract the officer are sufficient to affirmatively link him to the contraband found in his vehicle. Furthermore, although the full series of indicia are not satisfied, the foregoing facts when taken as a whole do not undermine our confidence in the jury's verdict.

Accordingly, we overrule appellant's issues, hold that his conviction has the support of both legally and factually sufficient evidence, and affirm the judgment.

Per Curiam

Do not publish.