

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00071-CR

_____

ANTHONY GEORGE FOMBY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th Judicial District Court
Morris County, Texas
Trial Court No. 10,035

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

After a trial by jury, Anthony George Fomby was convicted of possession of more than four grams but less than 200 grams of cocaine, a second degree felony that was enhanced to first degree felony punishment by a prior conviction. The jury assessed Fomby's punishment at ninety-nine years' imprisonment and a $10,000.00 fine, to which he was sentenced by the trial court.

## I. Background Facts

On April 26, 2008, Texas Department of Public Safety Trooper Roger Penney clocked a car driven by Fomby at seventy-nine miles per hour in a seventy-mile-per-hour zone, and Penney began following the vehicle. The vehicle made two U-turns and eventually turned into the driveway of Sam and Dixie Moore, neither of whom knew Fomby. Penney parked his patrol car behind Fomby's car and saw him get out of the vehicle, walk to the Moores' front porch and carry on a short conversation with someone, later identified as Dixie Moore, at the Moores' front door. Penney looked through Fomby's car windows and saw an open container of beer and a clear plastic bag found to contain 0.6 grams of cocaine. Dixie saw Fomby put something into a small trash can next to the door. Subsequently, a plastic bag containing 6.59 grams of cocaine was found in the trash can.[1]

---

[1]Eight plastic bags of white powder were found in the trash can; however, only the bag containing 6.59 grams of cocaine was tested for verification of its contents.

On appeal, Fomby contends the evidence supporting the conviction is legally and factually insufficient.[2] We affirm the judgment because the evidence was legally and factually sufficient to prove possession of a controlled substance.

## II.    Legal and Factual Sufficiency

In his sole point of error, Fomby argues the evidence supporting his conviction was legally and factually insufficient. We disagree. After reviewing the evidence on the required standards for legal[3] and factual[4] sufficiency, we find the evidence sufficient to support the jury verdict.

### A.    Standard of Review

In this analysis, we use a hypothetically correct jury charge to evaluate both the legal and factual sufficiency of evidence.[5] *Grotti v. State*, 273 S.W.3d 273 (Tex. Crim. App. 2008). Such a charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Villarreal v. State*, 286 S.W.3d 321 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

---

[2]Fomby admits that he possessed the 0.6 grams of contraband found in the vehicle, but specifically challenges the charge that he possessed the 6.59 grams of cocaine found in the trash can.

[3]*Laster v. State*, 275 S.W.3d 512, 517–18 (Tex. Crim. App. 2009).

[4]*Id.* at 518–19.

[5]We find the trial court's charge to the jury to have been in substantial, if not complete, compliance with the applicable law, and thus, the equivalent of a hypothetically correct charge.

**B.     Requirement of Links to the Controlled Substance**

A conviction for possession of cocaine, a penalty group 1 controlled substance, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (Vernon Supp. 2008), is supported only when the defendant "knowingly or intentionally possesses" the cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon 2003). Proof of possession requires evidence that the accused exercised "actual care, custody, control, or management" over the substance. TEX. PENAL CODE ANN. § 1.07(a)(39) (Vernon Supp. 2008); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon Supp. 2008). Thus, the State must prove the accused (1) exercised "actual care, custody, control, or management over the [contraband]" and (2) knew that the matter "possessed" was contraband. *Martin v. State*, 753 S.W.2d 384, 386 (Tex. Crim. App. 1988).

When an accused is not in exclusive possession of the place where contraband is found, it cannot be concluded he or she had knowledge or control over the contraband unless there are additional independent facts and circumstances that link the accused to the contraband. *Poindexter v. State*, 153 S.W.3d 402 (Tex. Crim. App. 2005). These "links" may be either direct or circumstantial and must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous. *Id.* at 405–06.

The number of links present is not as important as the degree to which they tend to link the defendant to the controlled substance. *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.); *Williams v. State*, 906 S.W.2d 58, 65 (Tex. App.—Tyler 1995, pet. ref'd); *Whitworth*

*v. State*, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref'd).  There is no set formula of facts that dictate a finding of links sufficient to support an inference of knowing possession of contraband. *Porter v. State*, 873 S.W.2d 729, 732 (Tex. App.—Dallas 1994, pet. ref'd).  Nonetheless, recognized factors include whether:  (1) the contraband was in plain view or recovered from an enclosed place; (2) the accused was the owner of the premises or the place where the contraband was found; (3) the accused was found with a large amount of cash; (4) the contraband was conveniently accessible to the accused; (5) the contraband was found in close proximity to the accused; (6) a strong residual odor of the contraband was present; (7) the accused possessed other contraband when arrested; (8) paraphernalia to use the contraband was in view, or found on the accused; (9) the physical condition of the accused indicated recent consumption of the contraband in question; (10) conduct by the accused indicated a consciousness of guilt; (11) the accused attempted to flee; (12) the accused made furtive gestures; (13) the accused had a special connection to the contraband; (14) the occupants of the premises gave conflicting statements about relevant matters; (15) the accused made incriminating statements connecting himself or herself to the contraband; (16) the quantity of the contraband; and (17) the accused was observed in a suspicious area under suspicious circumstances. *See Lassaint v. State*, 79 S.W.3d 736, 740–41 (Tex. App.—Corpus Christi 2002, no pet.); *Kyte v. State*, 944 S.W.2d 29, 31–32 (Tex. App.—Texarkana 1997, no pet.).  It is the logical force the factors have in establishing the elements of the offense, not the number of them, that is important. In other words, we ask if there is evidence of circumstances, in addition to mere presence or

proximity, that adequately justifies the conclusion that the defendant knowingly possessed the substance. *Evans v. State*, 202 S.W.3d 158, 161 n.9 (Tex. Crim. App. 2006); *see generally King v. State*, 895 S.W.2d 701 (Tex. Crim. App. 1995).

### C. Fomby's Possession of the Contraband

Considering the framework just set out, we now turn to the facts of the case to determine if sufficient evidence links Fomby to the 6.59 grams of cocaine found in the trash can. Penney parked his patrol car behind Fomby's car and saw him get out of the vehicle, walk to the Moores' porch and carry on a short conversation with someone, later identified as Dixie, at the Moores' front door. The trash can in which the 6.59 grams of cocaine was found was on the Moores' porch adjacent to the door. While Fomby spoke with Dixie, Penney looked through Fomby's car windows and saw an open container of beer and a clear plastic bag containing a white powder. After leaving the Moores' porch, Fomby spoke with Penney and admitted that the white powder was cocaine.

Dixie testified that a man she did not know knocked on her door and asked if the Moores' car was for sale, and she told him "no." There was no "for sale" sign on the car or in the Moores' yard. After the conversation, as Dixie was closing the door, she saw "him lean over and try to stuff something inside the trash can," "like he was pushing something down toward the bottom."[6] She explained to her husband, Sam, what happened; he searched the trash can, found the plastic bag

---

[6]Sam did not see with whom Dixie was speaking; however, he positively identified Fomby as the man speaking with Penney. Dixie testified Fomby was similar in appearance to the man that knocked on her door, but she could not positively identify Fomby as the same man.

containing 6.59 grams of cocaine, and alerted Penney. The bag of cocaine was "wrapped similarly" to the plastic bag of cocaine in Fomby's car.

When faced with a record that supports conflicting inferences, we presume the trier of fact resolved any conflict in support of the verdict. *See id.* at 164 n.19; *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). "The jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). In resolving conflicts in the evidence, a jury "may accept one version of facts and reject another or reject any of a witness' testimony." *Baker v. State*, 986 S.W.2d 271, 276 (Tex. App.—Texarkana 1998, pet. ref'd).

Here, Fomby's presence and actions at the Moores' residence indicated suspicious circumstances. The contraband was found in close proximity to Fomby, recovered from an enclosed place, and was conveniently accessible to Fomby. Other contraband was found in Fomby's possession. The logical force of the evidence is sufficient for a jury to reasonably infer that Fomby placed the bag of cocaine in the trash can, and therefore, the bag of cocaine was knowingly under Fomby's care, custody, control, or management. *Cf. Evans*, 202 S.W.3d at 162. There is ample evidence supporting the verdict from which a rational jury could find the elements of possession of a controlled substance beyond a reasonable doubt. The evidence is not so weak that the jury's verdict is clearly wrong and manifestly unjust.

We overrule Fomby's points of error and affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:     September 16, 2009
Date Decided:       October 2, 2009

Do Not Publish