In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00268-CR
_____

JASON CLARK LARA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 11-11-12713-CR

OPINION

A jury convicted Jason Clark Lara of possession of marijuana, enhanced, and sentenced Lara to six years in prison. In one appellate issue, Lara challenges the trial court's denial of his request for a jury instruction on a defensive issue. We affirm the trial court's judgment.

At trial, officers testified that they received a tip that marijuana was being used, sold, and grown by "Clark Lara" at a particular property. Officers found Lara inside a residence on the property. A search of the residence led to the discovery of

1

drug paraphernalia and marijuana. One officer testified that he smelled marijuana inside the residence. Nancy Archer, Lara's girlfriend, testified that she was in possession of the marijuana and she did not know Lara was inside the residence. Officers arrested Lara and Archer for possession of marijuana. An assistant district attorney testified that, at a bond hearing, Lara stated, "They took my marijuana" and "I smoke marijuana, that's why I had it."

At the jury charge conference, defense counsel asked the trial court to include a statement in the charge that presence alone is insufficient to justify a finding of possession. The trial court denied this request. On appeal, Lara contends that mere presence is a defensive issue and he was entitled to a jury instruction stating that presence alone is insufficient to establish possession.

Mere presence at the location where drugs are found is insufficient, standing alone, to establish actual care, custody, or control of those drugs. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). A trial court does not err, however, by denying a defendant's requested jury instruction when the instruction is an affirmative submission of a defensive issue which merely denies the existence of an essential element of the State's case, such as an instruction on "mere presence." *See Green v. State*, 566 S.W.2d 578, 584 (Tex. Crim. App. 1978); *Goodrich v. State*, 156 S.W.3d 141, 147 (Tex. App.—Dallas 2005, pet. ref'd); *Williams v. State*, 906 S.W.2d 58, 64 (Tex. App.—Tyler 1995, pet. ref'd); *Green v. State*, 880

2

S.W.2d 797, 802 (Tex. App.—Houston [1st Dist.] 1994, no pet.). Lara's request for an instruction on "mere presence" sought to submit a defensive issue that merely denied an essential element of the State's case, *i.e.*, Lara's care, custody, or control of the marijuana. *See* Tex. Health & Safety Code Ann. § 481.121(a) (West 2010); *see also* Tex. Penal Code Ann. § 1.07(a)(39) (West Supp. 2012).[1] Lara was not entitled to such an instruction and the trial court properly denied his request.[2] *See Green*, 566 S.W.2d at 584; *see also Goodrich*, 156 S.W.3d at 147; *Williams*, 906 S.W.2d at 64; *Green*, 880 S.W.2d at 802. We overrule Lara's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 25, 2013
Opinion Delivered May 8, 2013
Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.

---

[1]Because the amendments to section 1.07(a) are not material to the issue in this appeal, we cite the current version of the statute.

[2]This case does not involve the issue of a defendant's entitlement to an instruction on "mere presence" in situations involving accomplice witness testimony. *See Golden v. State*, 851 S.W.2d 291, 294-95 (Tex. Crim. App. 1993) ("[A]ppellant's request was not seeking the submission of an instruction on a defensive theory which merely negated an element of the offense, but rather sought an explanation of the legal requirement of corroboration of accomplice witness testimony.").

3