

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00342-CR
## NO. 02-12-00343-CR

CRAIG ANTHONY FRANKLIN                                            APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Craig Anthony Franklin appeals his convictions for possession of heroin and cocaine with intent to deliver.[2]  In two issues, Appellant argues that the trial court abused its discretion (1) when it failed to grant his request for a directed verdict because the evidence was insufficient to link him to the

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Health & Safety Code Ann. § 481.112 (West 2010).

controlled substances and (2) by denying his request for a jury instruction on a defensive issue. We overrule the issues and affirm the trial court's judgments.

## I. BACKGROUND

On December 8, 2011, Officer Jason Ricks and other police officers executed a no-knock search warrant for a house located at 609 East Mulkey Street in Fort Worth. The warrant allowed the police officers to search the house for heroin and cocaine and any "implements or instruments" used to sell drugs. The police officers sought the warrant after an undercover officer bought heroin and cocaine from a man in the house.

After the officers entered the house to secure it before the search began, Ricks found Appellant in the bathroom seated on the toilet, fully clothed and with the lid closed. The water was running as if the toilet had just been flushed. Ricks told Appellant to get on the ground and, when Appellant did not comply, Ricks grabbed Appellant, pulled him to the ground, and handcuffed him. Ricks, believing Appellant was trying to destroy evidence, turned the water off to the toilet "in an effort to prevent the toilet from being flushed again just in the event that there may be evidence trapped in the trap part of the toilet." No drugs were recovered from the toilet, however. Two other men were found in the house with Appellant. The owner of the house, Appellant's mother, stated that although no one lived in the house, Appellant was supposed to be fixing it up for her so she could use it as a rental property.

2

Officer J.C. Frias and several other officers then entered the house to begin the evidentiary search. Frias found heroin and cocaine in a water-heater closet, which was located in the hallway "right across from the restroom."[3] Officer Joe Pittman searched one of the two bedrooms in the house. Appellant's social security card and parole card were found in the bedroom. A prescription bottle with Appellant's name on it was also found in this bedroom. Pittman found $101 between the cushions of a couch in the bedroom. The closet in the bedroom had a deadbolt lock on the door and the key was in the lock. It does not appear that the closet door was locked. Pittman found heroin and cocaine "in the pocket of a [men's] clothing item." Officer Travis Verrett found a locked car parked in the garage that was registered in Appellant's name. Appellant told Verrett that the keys to the car were on the same key ring as the key found in the deadbolt lock on Appellant's closet door. Verrett also found a loaded revolver inside a kitchen cabinet. In total, officers found 17.71 grams of heroin and 10.30 grams of cocaine in the house, most of which appeared to be packaged for sale.

Appellant was indicted for possession with intent to deliver more than four grams but less than 200 grams of cocaine and for possession with intent to deliver more than four grams but less than 200 grams of heroin. A jury found him guilty of both offenses and assessed his punishment at eighty years' confinement

---

[3]The house had only one bathroom.

for each offense.[4]  The trial court sentenced Appellant to two eighty-year sentences, to run concurrently.

Appellant filed a notice of appeal and now asserts that the evidence that he possessed the drugs is insufficient because he did not have any drugs on his person when arrested, he did not own the house, and there were two other people in the house at the time of the search and therefore the trial court erred by failing to grant his request for a directed verdict.  Appellant also contends that the trial court erred by failing to instruct the jury that evidence of mere presence is insufficient to prove possession beyond a reasonable doubt.

## II.  SUFFICIENCY OF THE EVIDENCE TO PROVE POSSESSION

In addressing Appellant's first issue, we note that his challenge to the trial court's denial of his motion for instructed verdict is actually a challenge to the sufficiency of the evidence.  *See Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App.), *cert. denied*, 540 U.S. 1051 (2003).  As such, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).  In order to convict Appellant of possession with intent to deliver the cocaine and

---

[4]The jury found Appellant did not use or exhibit a deadly weapon during the commission of either offense for which they found him guilty.

heroin found in the house, the State had to prove beyond a reasonable doubt that he (1) exercised care, custody, control, or management over the drugs, (2) intended to deliver the controlled substance to another, and (3) knew that the substance in his possession was a controlled substance.[5] Tex. Health & Safety Code Ann. §§ 481.002(38), 481.112(a) (West 2010); *Cadoree v. State*, 331 S.W.3d 514, 524 (Tex. App.—Houston [14th Dist.] 2011, pet ref'd).

Where, as here, the accused was not in exclusive possession of the place where the drugs were found, the State must produce evidence that links the accused to the drugs in order to show he had knowledge of and control over the drugs. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (quoting *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. [Panel Op.] 1981)). In short, "[m]ere presence at the location where drugs are found is thus insufficient, by itself, to establish actual care, custody, or control of those drugs." *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). "However, presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., 'links'), may well be sufficient to establish that element beyond a reasonable doubt." *Id.*

Several non-exclusive links have been identified that serve to establish an accused's possession of contraband. *See id.* at 162 n.12; *Classe v. State*, 840

---

[5]In his first issue, Appellant challenges the sufficiency of the evidence to support only the first of these offense elements.

5

S.W.2d 10, 12 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). Our analysis of the evidentiary links is a weighing test, which considers the cumulative logical force of the evidence indicating possession and not the mere number of links proved. *See Evans*, 202 S.W.3d at 162.

Appellant does not dispute that he was present in the house at the time the drugs were found. The evidence shows that police officers, who were familiar with Appellant, noticed him over a year before the search warrant was executed entering the house without knocking and carrying what appeared to be a cooking pot. Appellant also told Corporal J.R. Seabourn of the Fort Worth Police Department that he lived at the house on East Mulkey less than two months before the warrant was executed. Appellant was repairing the house for his mother, had his car parked in the garage, and had personal items in one of the bedrooms. The closet of that bedroom was secured with a deadbolt lock and Appellant had the key and access to the closet where drugs were found. Money was hidden in the cushions of a couch in this bedroom. When police officers entered the house to execute the warrant, Appellant appeared to act guilty by attempting to destroy evidence and not complying when told to get on the floor. A large amount of drugs was found in the house, part of which was found in the closet of the bedroom Appellant was using. In that bedroom, the police found Appellant's social security card, parole card, and a prescription bottle with Appellant's name on it. The closet had a deadbolt lock, and the key to that lock was on a key ring with the key to Appellant's car. The keys were found hanging

6

in the deadbolt lock on the closet door, as if used to gain access to the closet containing the drugs, after Appellant directed the police where to find the key to his car. Men's clothing was in the bedroom's closet, and the drugs were found in a pocket of one of the clothing items. There were no personal items that could be identified as belonging to anyone else in that bedroom. The other portion of the drugs was found in a water-heater closet that was "right across" the hall from the bathroom where Appellant was found. We conclude that the logical force of the circumstantial evidence, when viewed in combination with the reasonable inferences from that evidence, is sufficient to connect Appellant to the actual care, custody, control, or management of the heroin and cocaine seized at that home. *See, e.g., id.* at 166; *Thacker v. State*, No. 12-10-00013-CR, 2010 WL 4274771, at *3 (Tex. App.—Tyler Oct. 29, 2010, pet. ref'd) (mem. op., not designated for publication); *Ramos v. State*, Nos. 2-07-118-CR, 2-07-119-CR, 2008 WL 623777, at *5 (Tex. App.—Fort Worth Aug. 20, 2008, pet. ref'd) (mem. op., not designated for publication); *Classe*, 840 S.W.2d at 12. We overrule issue one.

## III.  JURY INSTRUCTION

Appellant next asserts that the trial court erred when it denied his requested jury instruction. Appellant requested that the following instruction be given to the jury in its guilt-innocence charge:  "Mere presence alone is insufficient to prove possession." The trial court denied the requested instruction.

7

"[A]ll alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Id.* If error did occur, whether it was preserved determines the degree of harm required for reversal. *Id.*

Upon timely request, an accused is entitled to an affirmative-defense instruction on every issue raised by the evidence. *See Golden v. State*, 851 S.W.2d 291, 295 (Tex. Crim. App. 1993); *Warren v. State*, 565 S.W.2d 931, 933–34 (Tex. Crim. App. [Panel Op.] 1978). But "mere presence" is not a statutorily recognized affirmative defense and serves only to deny the existence of an essential element of the State's case; thus, a trial court is not required to include it in a jury charge. *See Green v. State*, 566 S.W.2d 578, 584 (Tex. Crim. App. 1978); *Williams v. State*, 906 S.W.2d 58, 64 (Tex. App.—Tyler 1995, pet. ref'd). In such a case, a reasonable-doubt instruction serves to adequately protect the accused. *See Williams*, 906 S.W.2d at 64.

As discussed above, the State introduced evidence other than Appellant's presence at the house that linked him to the drugs found in the house. Thus, the evidence did not raise "mere presence," which negates the trial court's need to include such an instruction. *See Gilmore v. State*, No. 2-06-302-CR, 2008 WL 706621, at *7 (Tex. App.—Fort Worth Mar. 13, 2008, no pet.) (mem. op., not designated for publication). Further, the reasonable-doubt instruction included in

8

the jury charge on possession was sufficient to protect Appellant even if the evidence raised Appellant's "mere presence" as a defense. *See Green*, 566 S.W.2d at 584; *Williams*, 906 S.W.2d at 64. Finally, the trial court was correct to deny Appellant's requested instruction because to give such an instruction would have been an improper comment on the weight of the evidence. *See Harris v. State*, 905 S.W.2d 708, 712 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd). The trial court did not err, and we overrule issue two.

## IV. CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgments. *See* Tex. R. App. P. 43.2(a).

LEE GABRIEL
JUSTICE

PANEL: WALKER, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 13, 2013

9