**Sajedul K. CHOWDHURY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–93–01053–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 10, 1994.

Discretionary Review Refused
March 8, 1995.

John Donahue, Houston, for appellant.

John B. Holmes, Jr., Carol M. Cameron, Sally Ring, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and O'CONNOR, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

A jury convicted appellant, Sajedul Chowdhury, of theft of over $20,000. The trial court assessed his punishment at 10 years deferred adjudication and a $1,000 fine. We affirm.

## BACKGROUND

Appellant had been the sole manager of a Stop N Go store for approximately one year when he went on a six-day crime spree. From June 28, 1989, daily through July 3, 1989, appellant failed to deposit the previous day's business receipts, although he turned in deposit slips purporting to show that the deposits had been made.

The indictment alleged that appellant stole the money, and that Jesse Nelson was the owner of the money. Nelson was the District Sales Manager for National Convenience Stores, Stop N Go's parent company. Nelson testified that he was responsible for overseeing eight stores, including appellant's; that it was his responsibility to collect deposit slips and to ensure that the bank deposits had been made; and that as the manager of the store, appellant "had the sole responsibility for the monies in the store."

In his sole point of error, appellant contends that the evidence was legally insufficient to prove beyond a reasonable doubt that Nelson was the owner of the stolen money, as alleged in the indictment.

In reviewing the sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989).

Because a corporation itself cannot testify as to ownership, it is proper to allege ownership in a "special owner," a natural person who acted for the corporation. *Freeman v. State*, 707 S.W.2d 597, 605 (Tex.Crim. App.1986). To prove ownership, the State must show that the complainant had title to the property, possession of the property, or a greater right to possession of the property than appellant. *Id.* at 603; *Gray v. State*, 797 S.W.2d 157 (Tex.App.—Houston [14th Dist.] 1990, no pet.); *see also* TEX.PENAL CODE ANN. § 1.07(a)(35)(A) (Vernon Supp. 1994).

Appellant makes much of the fact that Nelson did not testify that he had a greater right to possession of the money than did appellant. Appellant concedes that ownership, like any other issue in a criminal case, can be established by circumstantial evidence. *Jordan v. State*, 707 S.W.2d 641, 644–45 (Tex.Crim.App.1986); *Gray*, 797 S.W.2d at 161. In this case there was evidence that:

1. National Convenience Stores owned the Stop N Go.

2. Nelson, as a District Sales Manager for National Convenience Stores, had supervisory authority over the store and therefore, over appellant.

3. Nelson had authority to act on behalf of Stop N Go regarding money transactions and business dealings.

We also hold that when appellant breached the trust of his employer, he forfeited any right to possession of his employer's property. The evidence was clearly sufficient for a rational jury to conclude that Nelson had a greater right to possession of the money than appellant. Accordingly, we overrule appellant's sole point of error.

We affirm the judgment.