Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
WILLIAM E. MYERS,                                       )                  No. 08-02-00536-CR
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                  168th District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20010D00997)


O P I N I O N

            William E. Myers appeals his conviction for misapplication of fiduciary property. A jury
found Appellant guilty and the court assessed his punishment at imprisonment for a term of five
years, probated for five years. The court ordered Appellant to pay $29,820 to the El Paso Charities
Community Chest as restitution. We affirm.
FACTUAL SUMMARY
            Appellant formerly served as the executive director of the El Paso Depressive and Manic
Depressive Association.


 DMDA is an organization which provides services to people diagnosed
with depression and bipolar disorder. While acting as executive director of DMDA, Appellant also
served as the president of the board of directors of the El Paso Charities Community Chest. Similar
to the United Way, the Community Chest collects money from employer-based donation programs
and distributes money to its member charities, including DMDA. Appellant donated some office
space at the DMDA office for Community Chest for the organization’s use. Community Chest
authorized Appellant to pay a DMDA employee, Laura Nevarez, for eight hours of work she
performed each week for Community Chest. The Community Chest board, however, denied
Appellant’s request made on April 4, 2000 to reimburse DMDA for staff salaries, postage, materials,
and office rent in the amount of $15,000.
            As president of the Community Chest board of directors, Appellant was a signatory on the
Community Chest bank accounts. Between September 17, 1999 and April 14, 2000, Appellant
directed Nevarez to transfer sums of money totaling $41,500 from Community Chest bank accounts
to DMDA bank accounts to cover DMDA expenses. The largest transfer was $15,000 authorized
by Appellant on March 27, 2000, approximately one week before his request for reimbursement in
that same amount was denied by the Community Chest board. These transfers were not made by
check but were done electronically. Nevarez recalled that DMDA had money problems and it was
always struggling to make payroll, and to pay the rent and other bills. Concerned about the transfers
of money, Nevarez eventually told Catherine Bachtold, a DMDA board member, what had been
done. When confronted by Bachtold and other DMDA board members about the transfers, Appellant
told them they were for services rendered by DMDA for Community Chest. In response to a request
by board members that he produce a letter and the supporting minutes from a Community Chest
board meeting approving the transfers, Appellant presented a letter dated April 11, 1999 which stated
as follows:
 

In recognition of El Paso DMDA performing services for the El Paso Charities
Community Chest the following is reimbursed:
 
1) Secretary -- 8 hours per week
2) Public Relations -- 8 hours per week
3) Operations -- $1,000 per month.
 
For the services DMDA will provide a physical location, telephones, supplies,
printing and other related materials. 

The letter was signed only by Appellant. 
            Shortly after the confrontation with the board members, Appellant closed the DMDA office
and refused access to the office or DMDA records. Appellant later wrote a series of letters to
Community Chest and Blake Barrow, an attorney on the Community Chest board, in which he
discussed resolving his “extremely serious dilemma” by reimbursing Community Chest out of his
personal finances. Appellant repaid $11,680.
            Several board members testified at trial that the Community Chest board had never
authorized any transfers of money to DMDA and that Appellant was not authorized to make these
transfers. Further, the Community Chest board did not authorize the April 11, 1999 letter signed
only by Appellant which purported to authorize reimbursement of expenses to DMDA. Appellant
testified and admitted that he had transferred the money in order to pay DMDA expenses, but he
claimed that the transfers had been authorized by the Community Chest board. According to
Appellant, the minutes from many of the board meetings were missing or had been stolen from his
office. He offered to re-pay the money, not because he had done anything wrong, but because the
minutes which would have justified the transfers were missing and he did not want to see these
organizations harmed. The jury rejected Appellant’s version of events and found him guilty of
misapplication of fiduciary property as alleged in the indictment. 
SUFFICIENCY OF THE EVIDENCE
            In Issues One through Four, Appellant challenges the legal and factual sufficiency of the
evidence to support his conviction. 
Standards of Review
            In reviewing the legal sufficiency of the evidence to support a criminal conviction, an
appellate court must review the evidence in a light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991), overruled on other grounds,
Paulson v. State, 28 S.W.3d 570 (Tex . Crim.App. 2000); Levario v. State, 964 S.W.2d 290, 293-94
(Tex.App.--El Paso 1997, no pet.). We do not resolve any conflict of fact or assign credibility to the
witnesses, as this is within the exclusive province of the finder of fact to do so. Adelman v. State,
828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Lucero v. State, 915 S.W.2d 612, 614 (Tex.App.--El
Paso 1996, pet. ref’d). Instead, we determine only if the explicit and implicit findings of the jury are
rational when the evidence admitted at trial is viewed in a light most favorable to the verdict. 
Adelman, 828 S.W.2d at 421-22. In doing so, we resolve any inconsistencies in the evidence in favor
of the verdict. Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991); Menchaca v. State, 901
S.W.2d 640, 651 (Tex.App.--El Paso 1995, pet. ref’d).
            When conducting a review of the factual sufficiency of the evidence, we consider all of the
evidence, both admissible and inadmissible, but we do not view it in the light most favorable to the
verdict. Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996); Levario, 964 S.W.2d at 295. 
We review the evidence weighed by the jury that tends to prove the existence of the elemental fact
in dispute and compare it with the evidence that tends to disprove that fact. Johnson v. State, 23
S.W.3d 1, 7 (Tex.Crim.App. 2000); Jones v. State, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996). 
A defendant challenging the factual sufficiency of the evidence may allege that the evidence is so
weak as to be clearly wrong and manifestly unjust, or in a case where the defendant has offered
contrary evidence, he may argue that the finding of guilt is against the great weight and
preponderance of the evidence. See Johnson, 23 S.W.3d at 11. Although we are authorized to set
aside the fact finder’s determination under either of these two circumstances, our review must
employ appropriate deference and should not intrude upon the fact finder’s role as the sole judge of
the weight and credibility given to any evidence presented at trial. See Johnson, 23 S.W.3d at 7. We
are not free to reweigh the evidence and set aside a verdict merely because we believe that a different
result is more reasonable. Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997); Clewis, 922
S.W.2d at 135.
The Indictment
            A person commits misapplication of fiduciary property if he intentionally, knowingly, or
recklessly misapplies property he holds as a fiduciary in a manner that involves substantial risk of
loss to the owner of the property or to a person for whose benefit the property is held. See
Tex.Penal Code Ann. § 32.45(b)(Vernon Supp. 2004-05). For purposes of this case, a fiduciary
is defined as any person acting in a fiduciary capacity except a commercial bailee. See
Tex.Penal Code Ann. § 32.45(a)(1)(C). The term also includes an officer, manager, employee, or
agent carrying on fiduciary functions on behalf of a fiduciary. See Tex.Penal Code Ann.
§ 32.45(a)(1)(D). Under the Penal Code, “misapply” means deal with property contrary to (A) an
agreement under which the fiduciary holds the property, or (B) a law prescribing the custody or
disposition of the property. See Tex.Penal Code Ann. § 32.45(a)(2).
            The indictment alleged that Appellant:
[D]id then and there, pursuant to one scheme and continuing course of conduct which
began on or about the 17th day of September, 1999, and continued until on or about
the 14th day of April 2000 intentionally, knowingly, and recklessly, misapply
property, to-wit: United States Currency, that the said Defendant held as a fiduciary
and as a person acting in a fiduciary capacity, but not as a commercial bailee,
contrary to an agreement under which the said Defendant held the property, and in
a manner that involved substantial risk of loss of property to BLAKE BARROW the
owner of said property, and for whose benefit the property was held, and
the aggregate value of the property obtained was $20,000 or more but less than
$100,000 . . . .

Blake Barrow as Owner
            In Issues One and Three, Appellant asserts that the State failed to prove by legally or factually
sufficient evidence that Blake Barrow is the owner of the property. The Penal Code defines “owner”
as a person who: (A) has title to the property, possession of the property, whether lawful or not, or
a greater right to possession of the property than the actor; or (B) is a holder in due course of a
negotiable instrument. Tex. Penal Code Ann. § 1.07(a)(35)(Vernon Supp. 2004-05). “Possession”
means actual care, custody, control, or management. Tex.Penal Code Ann. § 1.07(a)(39). A
person is defined as an individual, corporation, or association. Tex.Penal Code Ann. § 1.07(a)(38). 
Because a corporation or association cannot testify as to ownership, it is preferable to allege
ownership in a “special owner,” a natural person acting for the corporation or association. See
Compton v. State, 607 S.W.2d 246, 248 (Tex.Crim.App. 1979); Lopez v. State, 899 S.W.2d 300, 302
(Tex.App.--El Paso 1995, pet. ref’d); Chowdhury v. State, 888 S.W.2d 186, 187 (Tex.App.--Houston
[1st Dist.] 1994, pet. ref’d).
            Appellant does not allege that Barrow is not a “special owner” of the money in the
Community Chest bank accounts. Instead, his argument is centered on an assertion that the State
failed to prove that Barrow was not shown to be a member of the Community Chest board of
directors. Barrow is an attorney and the director of the Rescue Mission, a Christian homeless shelter. 
The Rescue Mission joined the Community Chest in 1999 and Barrow became a member of the
Community Chest board of directors in June of 1999. Minutes from board meetings during the
relevant time period show that Barrow was a member of the Community Chest board of directors.



Edward Sullivan, another member of the Community Chest board, testified that Barrow was a board
member. During cross-examination of Barrow, Appellant attempted to establish that because the
Rescue Mission had not paid a membership fee, it had not satisfied the requirements for admission
into the Community Chest, and therefore, Barrow was not properly on the board of directors and
could not be the owner of the property. Barrow testified, however, that the board had waived the fee
for the Rescue Mission. Barrow did not have the minutes from the meeting where the board acted
upon his waiver request. The trial court ruled that Barrow was a member of the board regardless of
whether the Community Chest board followed its own rules in making the Rescue Mission a member
of Community Chest and Barrow a member of the board. The charge correctly defined “owner” as
a person who has greater right to possession of property than the actor. 
            Disregarding the evidence to the contrary, Barrow and Sullivan testified and the minutes
reflect that Barrow was a member of the Community Chest board. Accordingly, the evidence is
legally sufficient to show that Barrow, as a member of the Community Chest board, had a greater
right to possession of the monies improperly transferred by Appellant from the Community Chest
bank accounts to DMDA. See Johnson v. State, 747 S.W.2d 451, 455-56 (Tex.App.--Houston
[14th Dist.] 1988, pet. ref’d)(where school district superintendent testified he acted on behalf of
school district board of trustees, evidence sufficient to prove ownership).
            With regard to factual sufficiency, Appellant argues that the State failed to offer any evidence
that the Rescue Mission had paid the application fee to become a member of Community Chest or
that Barrow had been elected to the board. Appellant’s argument ignores Barrow’s testimony that
Community Chest had waived the fee and he was a member of the board. The jury could have
determined that it was irrelevant whether the Rescue Mission had properly joined Community Chest. 
Alternatively, the jury could have found credible Barrow’s testimony that the Community Chest
board had waived the fee for the Rescue Mission. Neither scenario is contrary to the great weight
of the evidence. Therefore, the jury’s determination that Barrow was the owner of the property is
not against the great weight of the evidence. Having found the evidence legally and factually
sufficient, we overrule Issues One and Three.
Existence of an Agreement
            In Issues Two and Four, Appellant attacks the legal and factual sufficiency of the evidence
proving that he misapplied the property contrary to an agreement. The Penal Code does not define
“agreement” for purposes of Section 32.45. The accepted definition is a harmonious understanding
or an arrangement, as between two or more parties, as to a course of action. Bynum v. State, 767
S.W.2d 769, 777 (Tex.Crim.App. 1989). The agreement need not be written. Id. Further, there is
no requirement that the State present testimony from a witness that the parties expressly agreed to
the arrangement for handling the property. See Id. The sole question is whether there is legally and
factually sufficient evidence showing that Appellant and the Community Chest board of directors
had reached a harmonious understanding or arrangement as to the handling of the monies in the
Community Chest bank accounts.
            Barrow and other members of the board of directors testified that Appellant was not
authorized to transfer funds from the Community Chest bank accounts to DMDA. Any payments
to a member organization had to first be approved by the board of directors and would then be paid
by check, not by transfer. When asked to describe Appellant’s fiduciary duties toward Community
Chest, Barrow testified as follows:
Well, as the president of the Communities [sic] Chest, he had access to the bank
account. He is in charge of the sacred trust of guarding dollars that the citizens of
El Paso had contributed to be used for these worthwhile organizations. That’s, you
know -- he’s to guard that more carefully than his own property. 

When the improper transfers were discovered, Appellant acknowledged that he faced an “extremely
serious dilemma” and offered to pay the money back to the Community Chest. Appellant’s
acknowledgment is some evidence that he, like the other board members, understood that he was not
authorized to transfer money to DMDA.
            The evidence is legally sufficient to show Appellant and the Community Chest board of
directors had reached a harmonious understanding or arrangement as to the handling of the monies
in the Community Chest bank accounts, that is, the funds were not to be paid to the member
organizations without prior board approval. Appellant violated the agreement by transferring the
funds to DMDA See Bynum, 767 S.W.2d at 771-77 (evidence showing that member of political
organization cashed donation checks instead of depositing the money in the organization’s account
even though members of committee understood that the money was to be handled by the treasurer
was sufficient to show money was handled contrary to agreement). Further, the evidence regarding
the existence of this agreement and Appellant’s violation of it is not so weak as to render the jury’s
determination clearly wrong and unjust. Issues Two and Four are overruled. Having overruled all
of Appellant’s issues, we affirm the judgment of the trial court.


August 26, 2004                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)