Opinion
issued June 3, 2010








 

 

 

 

 














 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 
    


 

 

In The

Court of Appeals

For The

First District of Texas

 


 
 

 
 



NO. 01–09–00261–CR

 


 
 

 
 

 



KIM KAYLENE WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 



On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 48,249

 


 
 

 
 
 



                                                

MEMORANDUM OPINION

 

          Appellant,
Kim Kaylene Williams, was charged by indictment with the felony offense of
theft of property valued at “less than $1,500,” enhanced by two prior
convictions for theft. See Tex.
Penal Code Ann. § 31.03(a), (e)(4) (Vernon Supp. 2009).  Appellant pleaded not guilty to the primary
offense, but pleaded “true” to the enhancements.  A jury found appellant guilty, found the
enhancements true, and assessed punishment at 18 months’ confinement and a
$7,500 fine.

          In two points of error, appellant challenges
the legal and factual sufficiency of the evidence.

          We affirm.

Background

          On September 4, 2007, Tenesha
Seastrunk, a loss prevention officer at the Neiman Marcus department store in
Katy Mills Mall in Fort Bend County, was monitoring the security cameras in the
accessories department when she saw a woman, later identified as appellant, looking
at sunglasses.  Appellant was with a
friend, later identified as Gina Kennedy, and the two women were carrying large
shopping bags.  Seastrunk testified that
she saw appellant take several pairs of sunglasses, grab a handbag, and begin
walking out of the accessories department, while looking around.  Seastrunk asked her supervisor, Edward
Almerez, to watch the cameras with her. 
Seastrunk and Almerez watched appellant for approximately seven
minutes.  Appellant walked through the
men’s department and to the home decor department.  There, appellant removed the dust cover from
the handbag, wrapped the sunglasses in the cover, and placed the wrapped items
in a cabinet.  Appellant also took a pair
of boots and placed them in a cabinet.  Seastrunk
and Almerez then watched on various security cameras as appellant and Kennedy
left the store in a red truck that had been parked up front in a handicapped
parking space.

          Seastrunk and Almerez went to the home
decor department and looked at the items that appellant had placed in the
cabinet.  They each testified that there
were three pairs of Dolce & Gabbana sunglasses; one pair of Prada
sunglasses; one pair of Juicy Couture sunglasses; and one pair of Cavelli boots.  Almerez testified that he instructed the
employees to leave the items in the cabinet for further monitoring of the
situation.

          The next day, Seastrunk or Almerez saw
appellant and Kennedy return to the store, in the same red truck as the day
before, and park in the handicapped space. 
Appellant and Kennedy were again carrying large shopping bags.  Seastrunk and Almerez watched on security
cameras as appellant went to the home décor department, retrieved the items she
had placed in the cabinet the day before, and placed the items in her shopping bag.  Appellant then briefly walked around the
store and left without paying for the items.

          Seastrunk and Almerez chased after
appellant and met up with her just as she was moving through the front
door.  Seastrunk testified that appellant
swung her bag at Almerez, screaming, “[N]o, no, get off of me,” and that
appellant slammed Almerez’s hand against the door.  Almerez testified that he grabbed appellant’s
bag and held onto the door.  Appellant
refused to release the bag and they struggled. Finally, Seastrunk and Almerez
were able to retrieve the bag of merchandise from appellant.  During the scuffle, appellant dropped her
cellular telephone.  Appellant and
Kennedy ran to the red truck and drove away. 
Almerez got the license number and called the Katy Police Department
(KPD).

          KPD Detective J. Benton interviewed
appellant and showed her the security camera tapes.  Detective Benton testified that appellant
identified herself and her truck on the tapes. 
In addition, appellant admitted that the cellular telephone recovered
from the scene belonged to her. 
Appellant said that she had dropped the telephone “when they grabbed me.”
 Detective Benton also testified that
Almerez identified appellant from a photographic line-up.

          The security camera tapes were
admitted at trial and played to the jury. 
Almerez testified that the items he recovered from appellant outside the
store were the same items he and Seastrunk had identified in the cabinet the
day before.  Those items are valued as
follows: three pairs of Dolce & Gabbana sunglasses, valued at $79.00 each;
one pair of Prada sunglasses, valued at $79.00; one pair of Juicy Couture
sunglasses, valued at $69.00; and one pair of Cavelli boots, valued at
$735.00.  A photograph of the items was
admitted at trial. 

Legal and Factual Sufficiency

          In her first and second points of
error, appellant contends that the evidence is legally and factually
insufficient to support her conviction.

A.      Standards
of Review and Applicable Legal Principles

          We review the legal sufficiency of the
evidence by considering all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Williams v.
State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); Parker v. State,
192 S.W.3d 801, 804 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  We “may not re-evaluate the weight and
credibility of the record evidence and thereby substitute our judgment for that
of the fact-finder.” Williams, 235 S.W.3d at 750.  We give deference to the responsibility of
the trier of fact to fairly resolve conflicts in testimony, to weigh the
evidence, and to draw reasonable inferences from basic facts to ultimate facts.
Id. Our duty is to ensure that the evidence presented actually supports
a conclusion that the defendant committed the offense. Id.

          We begin our factual sufficiency
review with the assumption that the evidence is legally sufficient.  Laster v. State, 275 S.W.3d 512, 518
(Tex. Crim. App. 2009). Evidence that is legally sufficient, however, can be
factually insufficient if (1) the evidence supporting the conviction is too weak
to support the fact finder’s verdict, or (2) considering conflicting evidence,
the fact finder’s verdict is “against the great weight and preponderance of the
evidence.” Id. We consider all of the evidence in a neutral light, as
opposed to in a light most favorable to the verdict. Id. We recognize
that the factfinder is in the best position to evaluate the credibility of
witnesses, and we afford due deference to the factfinder’s determinations. Marshall
v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). We may only find the
evidence factually insufficient when necessary to “prevent manifest injustice.”
Laster, 275 S.W.3d at 518. In such case, we must explain why the
evidence is too weak to support the verdict or why the conflicting evidence
greatly weighs against the verdict. Id.

          A person commits theft if he
unlawfully appropriates property with intent to deprive the owner of the
property.  Tex. Penal Code Ann. § 31.03(a).  “Appropriate” means (A) to bring about a
transfer or purported transfer of title to or other nonpossessory interest in
property, whether to the actor or another or (B) to acquire or otherwise
exercise control over property other than real property. Id. § 31.01(4).  Appropriation of property is unlawful if,
inter alia, it is without the owner’s effective consent.  Id. § 31.03(b).

          A person acts intentionally with respect
to the nature of his conduct or a result of his conduct when it is his
conscious objective or desire to engage in the conduct or to cause the result. Tex. Penal Code Ann. § 6.03(a) (Vernon
2003).  To “deprive,” as applicable,
means to withhold property from the owner permanently or for so extended a
period of time that a major portion of the value or enjoyment of the property
is lost to the owner. Tex. Penal Code
Ann. § 31.01(2).  Pursuant to the
Penal Code and as applicable herein, a person is an “owner” if he has title to
the property, possession of the property, whether lawful or not, or a greater
right to possession of the property than the actor.  Tex.
Penal Code Ann. § 1.07(a)(35) (Vernon Supp. 2009).                     

B.      Legal
sufficiency

          Appellant
contends that the evidence is legally insufficient to show that she (1) unlawfully appropriated property (2) with
intent to deprive the owner of the property. 

          1.
     Unlawfully appropriated property

The State presented evidence that appellant appropriated the sunglasses
and boots by exercising control over them. 
See Tex. Penal Code Ann. § 31.01(4).  

Seastrunk and Almerez each testified that they watched appellant take
several pairs of sunglasses, grab a handbag, and walk to the home décor department,
where she removed the dust cover from the handbag, wrapped the sunglasses in
the cover, and placed the wrapped items in a cabinet.  Seastrunk and Almerez also saw appellant
place a pair of boots in the cabinet. 
Seastrunk and Almarez testified that they went to the home decor
department and identified the items appellant had placed in the cabinet.
Seastrunk and Almerez testified that they watched on security cameras as
appellant returned to the store the next day, went to the home décor department,
retrieved the items she had placed in the cabinet the day before, placed the
items in her shopping bag, and left the store without paying for the
items.  From this evidence the jury could
have reasonably concluded that appellant appropriated the sunglasses and boots.  See id.

The State presented evidence that the appropriation was unlawful because
appellant did not have consent of the owner, who was Almerez.  See id. § 31.03(b).

It is undisputed that Neiman Marcus, a corporation, was the actual lawful
owner of the property at issue.  Because
a corporation cannot itself testify, when allegedly stolen property is owned by
a corporation, it is proper and preferable for the indictment to allege that
the property was taken from the custody and control of a natural person acting
for the corporation.  See Freeman v.
State, 707 S.W.2d 597, 605 (Tex. Crim. App. 1986); Castillo v. State,
469 S.W.2d 572, 573 (Tex. Crim. App. 1971); Lewis v. State, 193 S.W.3d
137, 140 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (stating that when corporation
owns property at issue, State may allege ownership in “special owner”);
Villani v. State, 116 S.W.3d 297, 306 (Tex. App.—Houston [14th Dist.] 2003,
pet. ref’d); Chowdhury v. State, 888 S.W.2d 186, 187 (Tex. App.—Houston
[1st Dist.] 1994, pet. ref’d).  

          The indictment alleged that appellant
unlawfully appropriated sunglasses and boots “from Edward Alm[e]rez, the owner
thereof.” Under the Penal Code, an “owner” includes one with (1) title to the
property, (2) possession of the property, whether lawful or not, or (3)
a greater right to possession of the property than the appellant. See Tex. Penal Code Ann.
§ 1.07(a)(35)(A). “Possession” means actual care, custody, control, or
management.  Id. § 1.07(a)(39). 

          The State presented evidence that, at
the time appellant appropriated the merchandise at issue, Almerez had a greater
right to possession of the merchandise than had appellant. See id. § 1.07(a)(35)(A);
Freeman, 707 S.W.2d at 603. Almerez testified that he has been employed
as the loss prevention manager of the Neiman Marcus store for 10 years. “Proof
of a management position
alone is insufficient to sustain the ownership allegation absent some showing
that the named owner had exercised some degree of care, custody, control, or
management over the property allegedly stolen.”  Freeman, 707 S.W.2d at 603.  Here, the record further shows that Almerez’s
job function was to monitor security of the store, conduct investigations, and
to prevent loss of merchandise.  Hence, the
jury could have reasonably concluded that Almerez did more than occupy a management
position: his responsibilities extended to physically protecting the inventory.
 Almerez also testified that he had a
greater right to possession of the merchandise than had appellant and that he
did not consent to appellant’s removing the merchandise at issue without paying
for it. 

          From this evidence, the jury could
have reasonably concluded that Almerez 
was the owner of the merchandise, as defined under the Penal Code, such
that appellant’s appropriation of, or exercise of control over, the merchandise
without Almerez’s consent was unlawful.  See
Tex. Penal Code Ann.
§ 1.07(a)(35)(A); Johnson v. State, 606 S.W.2d  894, 895–96 (Tex. Crim. App. 1980) (holding
store employee who was employed to protect property and keep it from being
stolen had greater right to possess); Rabb v. State, 681 S.W.2d 152, 154
(Tex. App.—Houston [14th Dist.] 1984, pet. ref’d) (“A person acting on behalf
of a corporation, with managerial authority and responsibility over its goods,
is the effective owner . . . .”).

 

 

          2.       Intent to Deprive the Owner 

Appellant further contends that the evidence is legally insufficient to
show that she “had the requisite intent to deprive Almerez of the” merchandise
or that Almerez was so deprived.

          A jury may infer intent from any facts
that tend to prove its existence, such as acts, words, and conduct of the
defendant. See Moore v. State, 969
S.W.2d 4, 11 (Tex. Crim. App. 1998); Christensen
v. State, 240 S.W.3d 25, 32 (Tex. App.—Houston [1st Dist.] 2007, pet.
ref’d).  Here, the State presented
evidence that appellant secreted the sunglasses and boots in the home
department and that she returned the next day and removed them from the store,
without paying for them.  When Seastrunk
and Almerez chased after her, appellant swung her bag at Almerez, screaming,
“[N]o, no, get off of me” and slammed Almerez’s hand against the door.  Almerez testified that appellant refused to
release the bag and that they struggled. 
From the evidence, the jury could have reasonably concluded that
appellant acted with intent to permanently deprive Almerez of the merchandise.

Appellant complains that the evidence is insufficient to show that “she
permanently withheld property from Almerez or held the property for so long a
period that a major portion of the value or enjoyment of the property was lost
to Almerez.”  Even though Almerez
intercepted appellant and recovered the merchandise before appellant could
reach her truck and drive away, a successful carrying away of the merchandise
is not an element of the offense.  See Hawkins v. State, 214 S.W.3d 668,
670 (Tex. App.—Waco 2007, no pet.).  The
State was required to prove only that appellant acted with intent to deprive Almerez of the property.  See Tex. Penal Code Ann. § 31.03(a).

          Viewing the evidence in the light most
favorable to the verdict, we conclude that a rational trier of fact could have
found beyond a reasonable doubt that appellant unlawfully appropriated property
with intent to deprive the owner, Almerez, of the property.[1]
See Tex.
Penal Code Ann. §§ 1.07(a)(35), 31.03. We hold that the evidence is
legally sufficient to support the jury’s verdict.  See Williams, 235 S.W.3d at 750.

C.      Factual
sufficiency

          Appellant next contends that the same
evidence is factually insufficient to support her conviction for the offense of
theft. 

As discussed above, the State was required to prove beyond a reasonable doubt
that appellant unlawfully appropriated property with intent to deprive the
owner, Almerez, of the property.  See Tex. Penal Code Ann. § 31.03. 

First, the State presented evidence that appellant appropriated the
sunglasses and boots by exercising control over them and that the appropriation
was unlawful.  See id. § 31.01(4). 
Seastrunk and Almerez each testified that they watched appellant secrete
the sunglasses and boots in a cabinet in housewares.  The next day, Seastrunk and Almerez watched
on security cameras as appellant returned to the store, went to the home
department, retrieved the items she had placed in the cabinets the day before,
placed the items in her shopping bag, and then walked out of the store without
paying for the items.  Almerez testified
that he has been employed as the security manager of the Neiman Marcus store
for 10 years and that his function is to perform security, investigations, and
loss prevention for the store, that he had a greater right to possession of the
store merchandise at issue than had appellant, and that he did not consent to
appellant taking the merchandise without purchasing it.  See id. § 31.03(b).  

From this evidence, the jury could have reasonably concluded that Almerez
was the owner of the merchandise, as defined under the Penal Code, such that
appellant’s appropriation of, or exercise of control over, the merchandise was
unlawful because it was without Almerez’s consent.  See id. § 31.01(4).  

In addition, the State presented evidence that appellant acted with
intent to deprive the owner, Almerez, of the property.  Seastrunk and Almerez each testified that,
not only did appellant secrete the items and remove them from the store without
paying for them, but when Almerez attempted to regain control over the
merchandise, appellant screamed, pushed Almerez against the door, and refused
to release the bag of merchandise.  See
id. § 31.01(4).  A jury may
infer intent from a defendant’s acts, words, and conduct.  Hart v.
State, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002); see McGee v. State, 923 S.W.2d 605, 608 (Tex. App.—Houston [1st
Dist.] 1995, no pet.).  From this
evidence, the jury could have reasonably concluded that appellant intended to
deprive the owner, Almerez, of the merchandise.

Although she does not present clear argument or support any contentions
with citation to authority, appellant seems to challenge the evidence to prove
her identity as the actor.  See Tex.
R. App. P. 38.1(h).  Appellant suggests
that Almerez’s testimony was unclear with regard to whether appellant or
Kennedy was the actor.  To the contrary,
the record shows that Almerez was asked to clarify his testimony and that he
specifically identified appellant as the actor. 
Moreover, the record also shows that Almerez identified appellant in a
photographic line-up and at trial; the security tapes were played to the jury,
which allowed it to draw comparisons between the actor on the tapes and
appellant sitting in court; and Detective Benton testified that appellant
identified herself and her truck on the tapes, admitted that the cellular
telephone dropped at the scene belonged to her, and admitted that she had
dropped the telephone when Almerez grabbed her. 

          We must give deference to the
responsibility of the factfinder to fairly weigh evidence, to draw reasonable
inferences from the facts, and to resolve any conflicts in the testimony.  See Marshall, 210 S.W.3d at 625.
Considering all of the evidence in a neutral light, we cannot conclude that the
evidence supporting the conviction is too weak to support the fact finder’s
verdict or that the verdict is against the great weight and preponderance of
the evidence. See Laster, 275 S.W.3d at 518.  We hold that the evidence is factually sufficient
to support the jury’s verdict.

          Accordingly, we overrule appellant’s
first and second points of error.








Conclusion

 

       We affirm
the judgment of the trial court.

 

 

 

                                                       Laura
Carter Higley

                                                       Justice

                                    

 

Panel consists of Justices Keyes,
Hanks, and Higley.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]
             Appellant
also contends that “proof that Appellant assisted the unknown primary actor in
making getaway after the crime committed is insufficient to support Appellant’s
conviction as a party to the crime.”  As
the State points out, the jury was not instructed on, and did not convict
appellant on, a parties theory.